## NEW AMSTERDAM CASUALTY CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 11643—Opinion Filed Nov. 30, 1920.

(Syllabus by the Court.)

**1. Insurance—Casualty Policy—Liability.**

A casualty insurance company is not bound beyond the terms of its engagement, and its liability cannot be extended by implication beyond the terms of the policy.

**2. Same—Employer's Liability Insurance—Risks Covered.**

A policy of casualty insurance which insures against accidents to employes of one "engaged in work usual and necessary to a wholesale hat and millinery store," does not cover injuries received by a plasterer engaged in repairing the plastering of the building in which such business is being conducted, though such plasterer at the time of receiving the injuries was in the employ of such employer.

From an award of workman's compensa-

tion to A. A. Carel by the State Industrial Commission, the New Amsterdam Casualty Company, a corporation, appeals. The award against the New Amsterdam Casualty Company set aside, and the cause remanded to the Commission for further proceedings,

Jas. C. Cheek, for petitioner.

Geo, B. Rittenhouse, Gordon Stater, and P. T. McVey, for respondents.

COLLIER, J. On the 17th day of December, 1919, A. A. Carel filed his claim with the State Industrial Commission for compensation for an injury resulting in his disability due to an accident arising out of and in the course of his employment by J. H. Townsend.

The hearing resulted in the following award:

"Now on this 7th day of May, 1920, this cause coming on to be heard pursuant to a hearing before the State Industrial Commission on April 14, 1920, and the commission after examining the reports on file and being otherwise well and sufficiently advised in the premises, finds:

"That the claimant while in the employ of the respondent and in the course of his employment, was injured on Dec. 17, 1919, and that he is entitled to compensation at the rate of $18.00 per week, commencing on December 17, 1919, and continuing until the termination of disability.

"It is Therefore Ordered: That within ten days from this date the New Amsterdam Casualty Company or J. H. Townsend pay to the claimant compensation computed from December 17, 1919, at the rate of $18.00 per week, and continue said payments weekly until the termination of disability, and also pay all medical expenses as may be necessary as the result of said injury during sixty days after the accident or for such time in excess thereof as in the judgment of the commission may be required, such charges shall not exceed the sum of $100.00 unless approved by the commission."

From said award this appeal is prosecuted by the New Amsterdam Casualty Company, a corporation.

The case was tried upon a verified claim for injuries to the said Carel, sustained while plastering the building in which the J. H. Townsend Company was doing business, the answer of the said casualty company denying liability, the accident policy issued by the said New Amsterdam Casualty Company to the J. H. Townsend Company, No. USC 69653, insuring against accident to the employes of said company to cover injuries received while "engaged in work usual and necessary to a wholesale hat and millinery store," and the agreed statement of facts, which are as follows:

"That A. A. Carel was a plasterer; that he was employed by the respondent, J. H.

Townsend, to repair the plastering on the building in which said respondent was doing business; that the building was owned by Mr. Townsend.

"That the only liability of the New Amsterdam Casualty Company is under policy No. USC-69653, which is the only policy respondent holds and which is filed herein as Exhibit 'A'."

The liability against said company is predicated upon the policy of said casualty insurance in evidence, insuring the employes of the J. H. Townsend Company against injuries sustained while engaged "in work usual and necessary to a wholesale hat and millinery store."

There is but one question involved in this appeal. Is the policy in question liable for injuries sustained by A. A. Carel, who was by trade a plasterer, and while in the employ of J. H. Townsend, repairing the plastering in the building in which said J. H. Townsend Company was doing business?

We are at a loss to understand how, when engaged in repairing the plastering in the building in which the business was being conducted, the said Carel could be brought within the clause insuring employes engaged in "work usual and necessary to a wholesale hat and millinery store," and, therefore, we are of the opinion that the New Amsterdam Casualty Company is not liable for injuries sustained by A. A. Carel while engaged in repairing the plastering in said building; therefore, said injuries are not covered by said policy of casualty insurance.

Certainly the liability of the said company upon said policy of casualty insurance cannot be extended by implication beyond the strict terms of said policy. Lowe et al. v. City of Guthrie, 4 Okla. 287; F. A. Richardson et al. v. Elisha Penny, 9 Okla 655.

"Where parties have entered into a contract with such knowledge of its contents as the law imputes, that alone must be looked to as furnishing the measure of their rights and obligations, and the courts will not undertake by construction to compel insurance companies to pay losses which they never assumed." Brown v. Connecticut Fire Ins. Co. of Hartford, Conn., 52 Okla. 392, 153 Pac. 173.

As the agreed facts in this case show that the policy of casualty insurance was issued by the New Amsterdam Casualty Insurance Company to protect the J. H. Townsend Company's employes against accident, and that the employ of said Carel, claimant, was made by J. H. Townsend, and that in fact J. H. Townsend had no policy of insurance protecting his employes against accident, certainly there can be no basis for the said

award made against the New Amsterdam Casualty Company.

The award against the New Amsterdam Casualty Company is set aside, and the cause remanded to State Industrial Commission for further proceedings.

All the Justices concur.