## HOME PETROLEUM CO. et al. v. CHIPMAN et al.

No. 14092—Opinion Filed Feb. 17, 1925.

1. **Master and Servant—Workmen's Compensation Law—Award Made After 30 Days from Hearing—Validity.**

An award of the State Industrial Commission will not be reversed because the award was made after the expiration of 30 days from the date the hearing closed.

2. **Same—Liability of Insurance Carrier—Bankruptcy of Employer.**

Where the employer is adjudged a bankrupt by the federal court and trustee been appointed and qualified prior to the date of the injury of the claimant in the course of his employment, and no notice to terminate the policy has been given, as provided by the policy and the statute, the employer and insurance carrier cannot escape liability by a provision in the policy for terminating the same immediately upon assignment or transfer of the interest of the employer, whether voluntary or otherwise, such provision being contrary to section 7311. Comp. Stat. 1921, of the Workmen's Compensation Law.

3. **Same—Notice to Employer of Injury—Waiver.**

Where no objection is made at the hearing that the employe failed to give notice of his injury to the employer, it is unnecessary for the Commission to make finding upon the question, or in any manner excuse the failure to give such notice.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from State Industrial Commission.

Proceedings by The Home Petroleum Company and Consolidated Underwriters to review an award made by the State Industrial Commission to H. W. Chipman for injury. Award affirmed.

Lydick & Wilson and Con Murphy, Jr., for petitioners.

Geo. F. Short, Atty. Gen., Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

Opinion by ESTES, C. This is an appeal from an order of the State Industrial Commission, allowing the respondent, Chipman, compensation under the Workmen's Compensation Law. The record and the confession of error of the Attorney General show that the award made was erroneous in amount, and, if anything were allowable, same should have been on a basis of $4 per day. The Commission found that said re-

spondent was injured on May 31, 1921, while in the employ of petitioner, the Home Petroleum Company; that he had been unable to work, and that the petitioner, Consolidated Underwriters, was insurance carrier.

1. It is assigned as error that the Commission did not make said award within 30 days after the claim was submitted. Said law in this behalf has now been amended. This court held in St. Joseph Mining Co. et al. v. Pettitt et al., 90 Okla. 242, 216 Pac. 657. arising before such amendment, that such award will not be reversed because made after the expiration of 30 days from the date the hearing closed. In addition to the reasons given in said case, we think said 30 day provision was merely directory, under Kinney v. Heatherington et al., 38 Okla. 74, 131 Pac. 1078.

2. The policy of insurance involved herein contained this provision: "Any assignment or transfer of interest hereunder, whether voluntary or otherwise, shall immediately terminate this contract." Four days prior to said injury of respondent Chipman, his employer, the Home Petroleum Company, had been duly adjudged bankrupt in the proper federal court and a trustee had been appointed and duly qualified. It is contended that, ipso facto, said insurance policy of the carrier herein was automatically canceled, under said provision of the policy. Section 7311, Comp. Stat. 1921 (Compensation Law), provides:

"Every such policy shall contain a provision to the effect that the insolvency or bankruptcy of the employer shall not relieve the insurance carrier from the payment of compensation for the injury sustained by an employe during the life of such policy."

It is contended that said statute applies only to injuries accruing prior to the bankruptcy of the employer. We do not think such was the legislative intent, nor do we think such contention tenable according to the plain language of said provision and the succeeding provision. The words "during the life of such policy" in the foregoing provision must be construed in connection with the second following provision of said statute to the effect that:

"No contract of insurance issued * * * against the liability arising under this act shall be canceled within the time limited in such contract for its expiration until at least ten days after notice of intention to cancel such contract, on a date specified in such notice, shall be filed in the office of the Commission and also served on the employer," etc.

This is the statutory method for determining the life of the policy herein. No such notice was given. Said provisions of the statute were indorsed upon the policy herein, together with the other provisions of the statute required to be contained therein. Numerous employers become insolvent. The insurance carrier herein was required to subscribe to the condition that the insolvency or bankruptcy of the Home Petroleum Company would not relieve it from payment of compensation. Had the Consolidated Underwriters desired to be released, it could have complied with said statute and provision of its own policy by giving notice of such purpose. The insurance carrier could not, by such provision in its policy—that assignment or transfer of interest should terminate same—contravene and render nugatory the plain provisions of the statute. Petitioners cite numerous cases involving fire insurance policies in which the insurers were relieved from liability by the change of possession and title of the estate of the insured on bankruptcy adjudications and the appointment and qualification of trustees therein. These are not applicable to the instant case because of the plain provisions of the statute of this state and the conditions and terms of the policy herein pointed out above. We think also cogent reasons might be adduced otherwise, based on the fundamental difference between the rights of an insured in a fire policy and an employer under the compensation law, in the event of bankruptcy of either—a matter unnecessary to discuss further here.

3. The last alleged error is the fact that notice of the injury herein was not given to the Commission and to the employer within 30 days after injury, as required by the law, and was not in fact given until about 90 days after the injury. In Dewar Coal Mining Co. et al. v. State Industrial Commission et al., 88 Okla. 24, 211 Pac. 76, the second paragraph of the syllabus is:

"When, on the hearing of a complaint filed by an employe under the Workmen's Compensation Act, no objection is made that such employe failed to give notice of his injury to the employer, it is unnecessary for the State Industrial Commission to make any finding upon that question or in any way excuse the failure to give such notice."

The record shows no objection was made for failure to give such notice.

Let the award herein be affirmed for the reduced amount as confessed by the Attorney General.

By the Court: It is so ordered.

Note.—See C. J.—Cyc. Workmen's Compensation Acts. Under (1) sec. 115 (1926 Anno); (2) sec. 174 (1926 Anno); (3) sec. 115.