**MARYLAND CASUALTY CO. v. JOHNSON et al.**

No. 19534.   Opinion Filed Dec. 18, 1928.

H. C. Thurman, for petitioner.

Keaton, Wells, Johnston & Barnes, Edwin Dabney, Atty. Gen., and Fred M. Hammer, for respondents.

JEFFREY, C. This is a proceeding instituted in this court by the petitioner, Maryland Casualty Company, to review an award made by the respondent, State Industrial Commission of the state of Oklahoma, in favor of the respondent, Walter S. Johnson. Pat Milloy, the Belt Mill & Grain Company, and Travelers Insurance Company, are also made respondents, they being parties to the proceeding before the Industrial Commission. The record discloses that, on January 16, 1928, Pat Milloy entered into a written contract with the Belt Mill & Grain Company, a corporation, to construct certain grain storage tanks at 2100 S. Robinson Ave., in Oklahoma City, and provided therein that said contractor should carry necessary compensation insurance on all of his employees during the time of the construction work, and that the insurance policy should be filed with the grain company until the contract was completed. On October 26, 1927, Pat Milloy procured from the Maryland Casualty Company a workmen's compensation policy, No. U. C.-436686, covering the liability of said Milloy under the Workmen's Compensation Law of the state of Oklahoma, in the performance of the work provided by the contract. It appears that shortly thereafter Milloy sublet the contract to one Ramsey. For some reason this arrangement proved unsatisfactory, and the work was then turned over to respondent, Walter S. Johnson, who is claimant herein, and three others. About March 30, 1928, Johnson and his associates, not having made satisfactory progress with the work, Milloy was asked to come back and take over the job or reassume the work of his contract. Milloy took charge of the work, and Walter S. Johnson and other associates continued to work on the construction. On April 6, 1928, Milloy requested his insurance carrier, the Maryland Casualty Company, to exclude from the coverage of his workmen's compensation policy the contract job with the Belt Mill & Grain Company. A rider or indorsement was then issued by the insurance carrier reciting that the work at 2100 S. Robinson Ave., was excluded from coverage under the policy, delivered to Milloy, and by him attached to his policy, which covered several other construction jobs. On

April 10, 1928, Walter S. Johnson received an accidental injury arising out of and in the course of his employment while engaged in a hazardous occupation. On April 12, 1928, the grain company filed with the State Industrial Commission, employer's first notice of injury. In this notice it was stated that the Belt Mill & Grain Company was the employer and the Travelers Insurance Company the insurance carrier. On April 30th, Johnson filed his notice and claim for compensation against both Milloy and the Belt Mill & Grain Company, and recited specifically that his employer was Milloy.

The cause came on for hearing on May 14, 1928, at which time it appears that petitioner, Maryland Casualty Company, was not a party before the Commission. After taking certain testimony, the Industrial Commission requested the Maryland Casualty Company to enter its appearance, which it did on June 5, 1928. On June 7, 1928, the State Industrial Commission made and entered its order and award requiring the respondent, Milloy, and the Maryland Casualty Company, as his insurance carrier, to pay Walter S. Johnson compensation at the rate of $18 per week from April 10, 1928, to May 14, 1928, less the five-day waiting period, and to continue the compensation at the rate of $18 per week until the further order of the Commission, and to also pay all medical expenses incurred as the result of the injury, and relieved the Belt Mill & Grain Company and its insurance carrier from liability.

It is first contended by petitioner that there is no proof in the record of the earnings of claimant, Walter S. Johnson, at the time he was injured upon which the award can be based. As heretofore stated, claimant filed his notice of injury and claim for compensation insurance, in which he stated that his average daily wage at the time of injury was $6 per day. This notice and claim designated Pat Milloy and the Belt Mill & Grain Company as respondents. The petitioner, Maryland Casualty Company, was not designated in the claim as an insurance carrier, and was not a party to the proceeding until on or about June 5, 1928, when it, at the request of the Commission, entered its general appearance in the cause. At the time the petitioner entered its general appearance, it waived notice of any hearing, and offered such evidence as it desired without filing any pleadings whatever. There was no evidence taken at the hearing tending to establish claimant's average wage earnings at the time of injury. It is contended, however, that such proof was

unnecessary in the face of claimant's undenied claim, and the rules of the State Industrial Commission promulgated pursuant to section 7318 C. O. S. 1921. Said section provides that the Commission shall adopt reasonable rules not inconsistent with the act creating it, regulating and providing for, among other things:

"2. The nature and extent of the proofs and evidence, and the method of taking and furnishing the same, to establish the right to compensation.

"3. The forms of application of those claiming to be entitled to compensation.

"6. The conduct of hearing investigations and inquiries."

Pursuant to said authorization, the Commission did adopt and publish certain rules governing the filing of claims, the procedure in the prosecution of such claims, and the conduct of the hearings. By Rule No. 16 of the Commission, it is provided, among other things, that not later than ten days after the filing of a claim for compensation, the employer or insurance carrier shall commence the payment of compensation to the injured employee or file a denial of liability. And if no denial is filed within ten days the allegations contained in the claim will be deemed to be admitted. Again, in rule No. 23, it is provided that the respondent or the insurance carrier may file an answer or denial to the claim of the claimant, but if none is filed within ten days after notice of claim, the allegations contained in the claim will be deemed to be admitted. While petitioner was not a party in the cause at the beginning, it later became such, waived notice of hearing, and offered its evidence. It did, by its attorney, cause a denial of liability to be entered in the record by reason of a change or modification, as it termed it, having been made in its policy in favor of Milloy, but no denial was ever made of the allegations that claimant's average daily wage at the time of the injury was $6 a day. There was no contest on this question. Under the rules of the Commission, this allegation stood admitted, it being neither denied by pleading nor evidence.

Petitioner's principal objection to the award of the Commission is that, at the time of the accidental injury, Milloy's policy of insurance with petitioner did not cover the work being done by claimant by reason of a modification of the policy in the form of a rider or indorsement issued and attached to the policy on April 6th, eliminating that particular work from coverage under the policy. On the other hand, it is contended by respondents that the issuance of the rider was in effect an attempted cancellation of the policy, in so far as the employees working on this particular job were concerned, and could not be effective without a compliance with subsection (e), section 7311, C. O. S. 1921, as amended by section 11, chapter 61, Session Laws 1923. That subsection is in part as follows:

"No contract of insurance issued by a stock company, or mutual association, or other concern, against the liability arising under this act shall be cancelled within the time limited in such contract for its expiration until at least ten days after notice of intention to cancel such contract, on a date specified in such notice, shall be filed in the office of the Commission, and also served on the employer."

The policy provides that if the method of serving notice of cancellation be at variance with any specific statutory provision, such statutory provision shall supersede such condition in the policy.

It is admitted that no notice was given as required by the above provision of the statute and the terms of the policy for cancellation. It seems to be well settled that a compensation insurance policy cannot be canceled so that the carrier may escape liability without a compliance with the statute requiring the giving of ten days' notice of intention to cancel such contract on a date specified in the notice and filed with the State Industrial Commission, and also served upon the employer. Such is the holding in Home Petroleum Co. v. Chipman, 106 Okla. 225, 233 Pac. 738. A similar provision of the Workmen's Compensation Act of New York has been given a like construction. In the case of Grammo v. Greenpoint Contracting Co., Inc., 204 N. Y. S. 419, in passing upon this question, the court said:

"The purpose of the statute was to provide a period of ten days within which the Commission and the employer might see that new insurance was provided in place of the canceled insurance."

See, also, Hargraves v. Shevlin Mfg. Co., 165 N. Y. S. 960; Hauter et al. v. Coeur D'Alene Antimony Mining Co. (Idaho) 228 Pac. 259; 2 Schneider's Workmen's Compensation Law, sec. 487.

But petitioner insists that the acts of Milloy and his insurance carrier only amounted to a modification of the policy, and not a cancellation as contemplated by the provisions of the statute. In so far as claimant and his coworkers were concerned, there could be no more effective cancellation of the insurance policy if the insurance carrier be permitted to escape liability. And if

the conditions provided by the act are not required to be performed, in order to make partial cancellation, the employer and insurance carrier could, by canceling out on each separate work or undertaking one at a time, effect a complete cancellation of the policy without complying with the requirements of law. We think the attempt to strike from the policy the insurance on the employees working upon the construction of the grain tanks at 2100 S. Robinson Ave., was, in effect, an attempt to cancel the contract of insurance, and could not be effective without having complied with the law with reference to the giving of notice to the Commission.

Petitioner contends that the record does not show that claimant was employed by Milloy at the time of injury, and in this respect the award is not supported by any evidence. It is argued that claimant and his associates were substituted for Milloy as contractor, which amounted to a rescission of the original contract between Milloy and the grain company, and that when Milloy came back on the work, he was no more than an employee on the same plane with claimant. A careful examination of the evidence taken at the hearing before the Commission, discloses that there is ample evidence to support the finding of the Commission that claimant was at the time he received his injury employed by Milloy. Claimant testified in at least one instance that he was working for Pat Milloy at the time of injury. At other times he testified that, at the time he was injured, he was working for Pat Milloy and the Belt Mill & Grain Company. Garland White, president of the Belt Mill & Grain Company, testified that Milloy was still the contractor on the job, and that the contract originally made with him was still in force. He further testified that the Belt Mill & Grain Company had nothing to do whatever with the sub-contracts made by Milloy with other parties; that the Belt Mill & Grain Company did issue some checks direct to the employees working on the construction job, but all were charged to the account of Milloy; and that the Belt Mill & Grain Company only carried compensation insurance on its employees who were engaged in the construction of the grain tanks.

The award of the State Industrial Commission is therefore affirmed.

BENNETT, TEEHEE, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.