### RASBERRY v. R. O. KNOST & SONS et al.

No. 19281. Opinion Filed Oct. 14, 1930.

Rehearing Denied Dec. 16, 1930.

A. F. Moss and H. R. Young, for petitioner.

Allen, Underwood & Smith, A. J. Follens, Ralph Thompson and Fred Hansen, Asst. Attys. Gen., and Madden & Bland, for respondents.

RILEY, J. N. J. Rasberry filed claim with the State Industrial Commission on account of injuries received September 17, 1926, while he was employed as a carpenter by R. O. Knost & Sons. He sought recovery from said employer, the Southern Surety Company, insurance carrier, Connie Dye, and Dr. J. Donahoo, the latter being owner of a building under construction, and upon which the claimant labored at the time of his injury.

Connie Dye was a contractual purchaser by an escrow agreement with the owner, Donahoo, but he failed to perform conditions of the escrow contract and the property remained in the name of Dr. Donahoo.

The State Industrial Commission entered its order on March 12, 1928, awarding the claimant $525, as against R. O. Knost & Sons and Connie Dye. The Commission held that the policy of insurance made, executed, and delivered by the insurance carrier to the employer had been canceled prior to the date of the injury. No liability was found as against Dr. Donahoo, owner.

By this review it is contended by petitioner, claimant below, that the Commission erred in holding that the policy of insurance was canceled, and that, in the event this court should find that said insurance policy was canceled, the Commission erred in failing to find that Dr. Donahoo was secondarily liable. Petitioner further says: "It is to be distinctly understood that our second assignment of error* * *is applicable only in the event this Honorable Court should be of the opinion that the insurance policy was as a matter of law canceled."

Was the policy of insurance canceled?

The facts are not in dispute. The query is one of law. The rule relative to a finding of fact by the Industrial Commission and its binding effect upon this court when supported by evidence has no application.

The policy of insurance was dated December 1, 1925. By its terms it would expire December 1, 1926. The liability, if any, occurred September 17, 1926. The residence of insured was recited in the policy to be at Okemah, Okla., but it is clearly apparent that the last known address of insured was at 319 S. Kenosha street, Tulsa, Okla. A term of the policy was that it could be canceled by giving notice as required by law. A notice of cancellation was sent by registered letter to the last named address of insured on July 15, 1926. A notice in the letter contained recited a cancellation on the date of July 26, 1926. The insured did not receive the registered letter containing the notice. It was returned to the insurer unopened. The post office department, on July 16th, sent a notice of registered letter to insured. While Mr. Knost, a member of the insured firm, was at the address on July 26th, he received no notice of any kind or character. The registered letter of notice, in accord with notation and direction placed upon the envelope by insurer, was returned to it on the 5th day, to wit, July 21, 1926. On August 23rd, the insurance company mailed a postcard to insured notifying that the insurance company would inspect the pay roll records of insured as provided by the terms of the policy.

Section 11, ch. 61, S. L. 1923, governing the cancellation of such a policy of insurance, requires ten days' notice of intention to cancel such a policy. It specifies that such notice of intention to cancel shall be filed in the office of the Commission and served on the employer. The manner of service on the employer is two-fold: (1) By personal service; (2) service of such notice by registered letter addressed to the employer's last known address. The statute requires ten days' notice of intention to cancel such policy. The rule is that in order to cancel a policy it is necessary to give clear and unequivocal notice of the intention to do so.

Bankers' Reserve Life Co. v. Rice, 99 Okla. 184, 226 Pac. 324, states the rule:

"If the assurer elects to and does cancel the policy, it must cause clear and unequivocal notice of the action to be given the insured in order to effect the forfeiture." Security Ins. Co. v. Cook, 99 Okla. 275, 227 Pac. 402.

A registered letter containing notice, but bearing directions thereon that such letter shall be returned if not delivered within five days, and where such direction is carried out, and no actual notice is received, does not fill the requirements of the statute as to the ten days' notice as a condition precedent to cancellation of policy of insurance. American Automobile Ins. Co. v. Watts (Ala.) 67 So. 758, adheres to this doctrine:

"A policy insuring an automobile against fire provided that it might be canceled at any time by either of the parties upon written notice to the other by stating when the cancellation should be effected, that the unearned premiums should be returned, and that notice of cancellation deposited in the United States mail, postage prepaid to the address of the insured, should be sufficient. The postal regulations, Rev. St., sec. 3936, U. S. Comp. St., 1913, sec. 7418, provide that

when the writer of any letter shall indorse on the outside his name and address, such a letter shall not be advertised, but shall be returned to the writer if uncalled for at the expiration of the time specified in the writer's request, provided the time for holding be not shorter than 3 nor longer than 30 days. The statute also authorized the postmaster to hold ordinary letters for three months, and longer in case he had grounds to believe they could be delivered. The insurer, by registered letter sent to the insured's place of residence, notified him of the cancellation of the policy. The insured was out of town and the letter was returned pursuant to the insurer's request to return in five days. The insured returned within about a month, and his automobile was burned within the three-month period. Held, that the notice of cancellation was not sufficient, for the insurer by its request to return the letter lessened insured's chances of receiving notice." Commercial Union Fire Ins. Co. v. King (Ark.) 156 S. W. 445.

Herein the insurer established conclusively that the letter containing notice of cancellation was never received by the insured. Farnum et al. v. Phenix Ins. Co. (Cal.) 23 Pac. 869; American Fire Ins. Co. v. Brooks et al. (Md.) 34 Atl. 373; Mullen v. Ins. Co., 121 Mass. 171.

Joyce in his work "The Law of Insurance," vol. 3, p. 2825, sec. 1669, states the rule as follows:

"Notice of cancellation, if given by mail, must be received before loss by the party entitled thereto, or by his agent authorized to receive the same, otherwise there is no cancellation, even though a by-law provides for service of the notice personally or by mail. A receipt of notice of mail must be affirmatively shown, the burden of proof being upon insurer, and if such receipt is not established, there is no cancellation."

And on page 2826, sec. 1669B, the author continues:

"A notice of cancellation, sent by registered letter marked return in five days, is insufficient where it was not received by assured on account of his absence and was returned to insurer in accordance with his request upon the letter and in compliance with federal statute regulating such matters. even though the policy stipulation made a notice sufficient by depositing the same in the mail addressed to insured, postage prepaid."

We conclude that as a matter of law, under the undisputed facts presented, the policy of insurance involved in this case was not canceled, but remained in full force and effect at the time liability thereon arose by reason of the accident and injury to the claimant. Judgment should have been rendered against the insurance carrier.

The cause is remanded, with directions to the State Industrial Commission for a revision of its order in conformity herewith.

CLARK, HEFNER, SWINDALL, and ANDREWS, JJ., concur.

MASON, C. J., LESTER, V. C. J., and HUNT and CULLISON, JJ., absent.