**FARMERS GIN CO. v. JONES et al.**

No. 20846.   Opinion Filed Nov. 25, 1930.

Counts & Counts and Mounts & Chamberlin, for petitioner.

R. L. Christian, Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for respondents.

ANDREWS, J.   This is an original proceeding in this court to review an order of the Industrial Commission of Oklahoma.

The record shows that W. S. Jones, hereinafter referred to as claimant, while in the employ of the Farmers Gin Company, of Manitou, Okla., hereinafter referred to as the employer, while engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law and arising out of and in the course of such employment, sustained an accidental personal injury on the 22nd day of March, 1929. He filed his claim for compensation against the Farmers Gin Company, and after a full and complete hearing thereon was

awarded compensation by the Industrial Commission.

The employer, in its petition in this court, sought to secure a reversal of that order, but abandoned that contention and did not present it in its brief. It admits that it is not contesting the award in favor of claimant.

On the state of the record the award made by the Industrial Commission should be affirmed and, since the petitioner has filed a supersedeas bond herein and has superseded the award, judgment is rendered herein in favor of the claimant on the supersedeas bond, the journal entry of judgment to be furnished by the claimant.

The petition of the employer also sought a reversal of that portion of the order of the Industrial Commission finding and determining that the United States Fidelity & Guaranty Company should be relieved of liability for the reason that its compensation insurance policy issued to the employer herein had been properly canceled prior to the date of the accident. That contention of the employer is the only matter submitted by the employer in its briefs.

The employer presents two propositions: First, that the notice given to it and to the Industrial Commission by the insurance company was not sufficient to cancel the policy; and, second, that the policy could not be legally canceled until the unearned premium had been returned to the employer.

The employer says that the Industrial Commission was in error in holding that the policy had been canceled, and that the award in favor of the claimant should have been against the insurance company. The insurance company contends that it canceled its policy theretofore issued to the employer long prior to the date of the injury to claimant.

Section 7311, C. O. S. 1921, as amended by the Session Laws of 1923, chapter 61, sec. 11, provides the method for cancellation of compensation insurance. The purpose of the statute, as stated by this court in Maryland Casualty Co. v. Johnson, 134 Okla. 174, 272 Pac. 833, was to provide a period of ten days within which the Industrial Commission and the employer might see that new insurance was provided in place of the canceled insurance. In that case this court cited the case of Gramo v. Greenpoint Contracting Co., Inc., 204 N. Y. S. 419, holding that cancellation is effective ten days after notice has been served and filed, if not

served and filed ten days before the cancellation date specified therein, and said:

"The purpose of the statute was to provide a period of 10 days within which the Commission and the employer might see that new insurance was provided in place of the canceled insurance. That purpose is effectuated if the statute is construed as meaning that the notice of cancellation shall not be effective until 10 days after it has been filed and served, irrespective of the cancellation date specified in the notice. If the notice is not served and filed until after 10 days before the cancellation date therein named, the effect thereof is to correspondingly postpone the time of cancellation beyond the date therefor specified in the notice."

In Home Petroleum Co. v. Chipman, 106 Okla. 225, 233 Pac. 738, the insurance policy contained a provision that any assignment or transfer of interest, whether voluntary or otherwise, should immediately terminate the contract. There was an assignment of interest in that, prior to the injury, the insured had been duly adjudicated a bankrupt and a trustee had been appointed and qualified. It was contended that under the terms of that contract the policy was automatically canceled. This court held that the statutory procedure for cancellation of the policy governed and that, inasmuch as it had not been complied with, the policy was in full force and effect in so far as the claimant was concerned, notwithstanding the terms of the insurance contract to which the claimant was not a party.

In our opinion that rule should be applied to release an insurance company of any liability to a claimant under the Workmen's Compensation Act, where the insurance company has canceled the policy in accordance with the statute, as well as to hold an insurance company liable to a claimant under the Workmen's Compensation Act where the insurance company has not canceled the policy in accordance with the statute.

To announce any other rule, under the facts shown by the record in this case, would be to require the State Industrial Commission to take evidence as to what, if any, premiums were due the insurance company and what, if any, return premiums were due the employer at the time the insurance policy was attempted to be canceled. Those are matters in which the claimant is in no wise interested.

The rights of a claimant under the Workmen's Compensation Act are statutory. He is entitled to recover from the insurance carrier unless the insurance carrier has

canceled its compensation insurance in accordance with the statutory provisions for cancellation thereof. He has no rights growing out of a contract between an employer and an insurance carrier other than the right given him by the provisions of the act.

The employer contends that the rule that should be followed was stated by the Supreme Court of Idaho in Hauter v. Coeur D'Alene Antimony Mining Co., 228 Pac. 259. That holding, as well as the New York holding, was before this court in the case of Maryland Casualty Co. v. Johnson, supra, and this court followed with approval the New York court's construction of the statute.

The employer contends that, even though the policy was canceled in accordance with the terms of the statute, it was not canceled in accordance with the terms of the policy. Since the claimant does not present that contention, we are not inclined to discuss it further than to say that the contract rights existing between the employer and the insurance company cannot be determined by the State Industrial Commission, and the State Industrial Commission is without jurisdiction to determine those rights.

If the insurance company has canceled the policy as provided by the statute and in so doing has violated its contract with the employer, the rights of the employer have not been determined by the finding and determination of the Industrial Commission, and its rights, if any, growing out of its contract with the insurance company may be adjudicated in the civil courts.

This record shows that the compensation insurance was canceled in accordance with the provisions of the statute long prior to the accident to the claimant. There is no error on the part of the Industrial Commission in so holding.

The order of the State Industrial Commission is in all things affirmed.

MASON, C. J., LESTER, V. C. J., and RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. HUNT and CLARK, JJ., absent.