## STAR MANUFACTURING CO. v. QUARRLES et al.

No. 25350.    June 11, 1935.

Hemry & Hemry, for petitioner.

Davis & Herring, for respondent Quarrles.

J. A. Tillotson, for State Insurance Fund.

Mac Q. Williamson, Atty. Gen., and Houston W. Reeves, for State Industrial Commission.

GIBSON, J. This is an original proceeding in this court to review an order of the State Industrial Commission awarding compensation to the respondent, Bill (W. H.) Quarrles, claimant below, against his employer, Star Manufacturing Company, petitioner here, but not against the employer's insurance carrier, the State Insurance Fund of the state of Oklahoma.

There is no dispute as to the facts. The respondent Quarrles was employed by the Star Manufacturing Company, which was engaged in the business of manufacturing and erecting small buildings, steel buildings, walkways and other steel products, and on the day of the accident he, with two other fellow employees, was riding in a truck owned by his employer en route to Hobbs, N. M., for the purpose of tearing down a building for his employer. While en route, the truck turned over and the claimant received a broken neck. All parties agree that claimant was temporarily totally disabled from the date of the accident up to and including the date of the hearing. The State Insurance Fund, which carried the petitioner's insurance, denied liability on the theory that Quarrles was not engaged at the time of the accident in an occupation covered by the policy of insurance.

The sole question presented here is whether the State Industrial Commission erred in exonerating the State Insurance Fund, that is to say, whether or not the policy of insurance covered the occupation of Quarrles at the time of the accident.

The State Insurance Fund contends that the injury sustained by claimant was incidental to and a part of the work to be performed by him at the destination of his trip, and that the work to be performed was that of "wrecking and demolition of structures", which occupation was not included in and covered by the policy but was excluded therefrom.

The facts disclose that the building which was to be taken down by Quarrles was constructed of light sheet iron and that it was to be taken down so that the material could be removed to another point and the building reconstructed. If such amounted to a wrecking or demolition of structures within the meaning of the insurance contract, Quarrles' occupation at the time of the injury was not covered by the policy of insurance.

Webster's New International Dictionary (2d Ed.) defines "demolish" as follows: "To throw or pull down; to raze; to destroy the fabrication of; to pull to pieces; hence to ruin; destroy"; and states that the word is used synonymously with "destroy". The same work defines "wreck" as follows: "To reduce to a wreck or ruinous state by any kind of violence; to overthrow, shatter or destroy: to cause to crash or suffer ruin." We find that this word is used synonymously with ruin, smash, and demolish. Its antonyms are save, salvage, and preserve.

In the case of Zagst v. Southern Surety Co., 86 So. 828, the Supreme Court of Louisiana had under consideration a policy of insurance which provided that no wrecking or demolition of structures would be done. The injury was sustained while an oil derrick was being torn down for the purpose of being removed to another location to be re-erected. The court held that the injured person was not engaged in an occupation outside of the terms of the policy contract or excluded by the policy of insurance, and said:

"The work covered by the policy contract, in terms, included 'erection of and moving of derricks', with particular reference to the derricks used in the oil fields. The evidence shows that the usual and ordinary method of moving such derricks is to take them down and haul the lumber to the new location and rebuild the derricks there. It is only when the new location is very close by that a derrick can be moved by skidding or sliding the whole structure. It is not reasonable to construe this policy contract, 'including erection of and moving of derricks', so as to exclude the work of taking down

**552**

derricks for the purpose of moving them. * * *

"The word 'demolition' in the stipulation in the policy, 'No wrecking or demolition of structures will be done,' was used as synonymous with 'destruction'."

In Pilgrim v. Aetna Life Insurance Co. (N. J.) 102 Atl. 445, the court, in construing the meaning of "demolition or wrecking of any structure," said:

"The next point which the appellant urges is that the taking down of the wall was a demolition or wrecking of a structure. This, we think, is not sound. The removal of an interior partition wall for the purpose of repairing and altering the building in accordance with the contract between the Russell-Robinson Company and the owner of the building is not the 'demolition or wrecking of any structure' within the meaning of the policy. * * *"

In the instant case the testimony shows that Quarrles' services were employed both in the shop where the metal sheets were fabricated, cut, and made ready for use in the erection of buildings, and also in the construction and erection of such buildings. This work was covered by the policy of insurance. It is not contended that if Quarrles had been engaged in the erection of a sheet iron building his employment would not have been covered by the terms of the policy contract. The labor performed by the employee in taking apart the small metal building did not differ materially from the work of putting it together. In tearing down such sheet metal buildings, it was customary to preserve the separate strips of metal for use in the erection of the new structure. In fact, the tearing down and re-erection of the building amounted to a removal of the building from one place to another. In our opinion, the work which Quarrles was about to perform did not amount to the "wrecking or demolition" of a building within the meaning of the policy of insurance. The building was not to be demolished or wrecked in the sense of being destroyed, but was merely to be taken apart in such a manner that it could be reassembled. In our opinion Quarrles was covered by the contract issued to the petitioner by the State Insurance Fund, and the State Industrial Commission erred in entering its order exonerating the State Insurance Fund from liability for the accident sustained by the respondent Quarrles.

The petitioner not having objected to the award of the State Industrial Commission except upon the ground that the State Insurance Fund was exonerated from the payment of said award, the award of the State Industrial Commission is affirmed except in so far as it will relieve the State Insurance Fund from liability by reason of the accidental injury of the respondent Quarrles, and as to that part of said order and award, the same is reversed and the cause remanded to the State Industrial Commission, with directions to the Commission to enter an award in favor of the respondent Quarrles against the State Insurance Fund, for the amounts found by said Commission to be due to said Quarrles from the petitioner herein.

McNEILL, C. J., and RILEY, WELCH, and PHELPS, JJ., concur.