## UNITED STATES CASUALTY CO. et al. v. LEDFORD et al.

No. 27003.    July 6, 1937.

Pierce & Rucker and A. M. Covington, for petitioners.

Hamilton & Clendinning and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as petitioners and respondent.

On August 11, 1935, respondent, while taking the top off of a tank near Seminole, Okla., suffered an accidental injury resulting in a disability which is not contested. H. C. Daugherty was working under contract for the petitioner Tidal Pipe Line Company, and on February 6, 1936, the State Industrial Commission entered an award against H. C. Daugherty primarily liable and the petitioners as secondarily liable, and ordered payment of the claim.

At the hearing before the inspector it was the purpose of the petitioner to show that H. C. Daugherty had made an attempt to obtain insurance from the Washington National Insurance Comany so as to escape its secondary liability. At one stage of the proceedings the respondent filed a motion to make such company a party to the proceedings, but withdrew such motion after an examination of the policy which had been submitted to him. The petitioners made such a motion and renewed their motion at the conclusion of the hearing, which motion was by the commission denied, and the refusal to make Washington National Insurance Company a party is the sole question presented as error to this court.

We are of the opinion that this case comes within the rule announced in Farmers Gin Co. of Manitou v. Jones, 146 Okla. 79, 293 P. 527 and Beck v. Davis, 175 Okla. 623, 54 P. (2d) 371. The first case holds that the State Industrial Commission is without authority to construe the contractual rights existing between the employer and insurance company, but does have the authority to state whether or not such contract exists. In the case of Beck v. Davis, supra, there was a motion to make a foreign corporation a party to the proceedings in a situation somewhat similar to the one at bar. Therein we said:

"This leaves for consideration the alleged error of the commission in refusing to make Traders & General Insurance Company of Dallas, Tex., a party respondent to the action pending before it. Petitioner urges that, since his policy with this company contained an extraterritorial provision, he was entitled to have said company appear and defend him against any award that might be entered against him and in favor of the respondent on the hearing before the commission. Since the record does not show that the petitioner ever filed this contract with the State Industrial Commission of this state, and fails to show any approval thereof by the commission as provided by section 13374, O. S. 1931, therefore, the effect of petitioner's motion, if granted, would have been to compel the State Industrial Commission to construe a contract of insurance between the petitioner and the insurance company. This the commission had no right to do, and therefore the motion was properly denied, as we have said in Farmers Gin Company v. Jones, 146 Okla. 79, 293 P. 527: '2. The State Industrial Commission, under the provisions of the Workmen's Compensation Act (Comp. St. 1921, sec. 7282 et seq., as amended), is vested with jurisdiction to determine whether or not a compensation insurance policy theretofore issued to the employer

has been canceled in accordance with the provisions of the statute providing a method for cancellation, but has no jurisdiction to determine whether such a policy has been canceled under the provisions of the insurance contract'."

Our attention has been called to certain cases, among them, Fidelity Casualty Co. v. Baker, 162 Okla. 10, 18 P. (2d) 894; Star Mfg. Co. v. Quarrles, 172 Okla. 550, 46 P. (2d) 497; New Amsterdam Casualty Co. v. State Industrial Commission, 80 Okla. 7, 193 P. 974; and Continental Casualty Co. v. Goodnature, 170 Okla. 477, 41 P. (2d) 77.

Whether these cases are contrary to the rule announced in the cases first cited above is not necessary to decide. The latter cases at the most construed policies where the companies carrying the insurance were duly registered in the state and admitted their liability under some contract. Here the policy was not introduced before the commission although the attorney for the respondent submitted the same to the attorney for the petitioners with the request that they introduce the same, and upon the failure of the petitioners to introduce the same, the State Industrial Commission stated that it could not receive the evidence thereon in the absence of its introduction. We are of the opinion that the commission reached the correct conclusion. The statute is for the benefit of the respondent, and if the State Industrial Commission was forced to consume its time bringing in any insurance companies suggested by the petitioners, the delay incident to the enforcement of the provisions would defeat its purpose. If H. C. Daugherty had such a contract as complied with the laws of the state of Oklahoma with relation to an independent contract, petitioners would be released, and they should have proceeded to offer and prove such state of facts when the opportunity was afforded. Having failed to do this, the commission did not err in entering the award.

The award is affirmed.

OSBORN, C. J., and BUSBY, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY, WELCH, and PHELPS, JJ., absent.