TRI-STATE CASUALTY CO. v. SPEER et al.

No. 30011.  June 24, 1941.

Rehearing Denied July 8, 1941.

*115 P. 2d 130.*

Butler & Rinehart, of Oklahoma City, for petitioner.

Wade Pipkin, of Seminole, Sandlin & Balch, of Holdenville, and James C. Cheek and Alex Cheek, both of Oklahoma City, for respondents.

HURST, J. The sole question presented is whether the State Industrial Commission was justified in refusing to recognize and give effect to an alleged private agreement for the cancellation of one of two policies of insurance covering the same employer, where the claimant was injured after the effective date of such alleged agreement, but before cancellation notice had been filed with the Industrial Commission as required by section 13377 (e), O. S. 1931, 85 O.S.A. § 64 (e).

From the record it appears that the employer, Pete Parks, doing business as Independent Tank Company, had for some time prior to June 1, 1940, carried an insurance policy issued by Tri-State Casualty Company, covering accidental injuries to his employees, which was duly filed with the Industrial Commission. In May, 1940, he took out another policy with Employers Casualty Company, which was also duly filed with the commission. Both policies insured against the same risk. In the latter part of May, 1940, Parks requested the cancellation of the Tri-State policy. The evidence as to when an agreement to cancel was reached, and when the cancellation was to take effect, is conflicting, and we express no opinion thereon, but will assume, as contended by Tri-State, that the effective date of cancellation was June 1, 1940. Speer received a compensable injury on June 3, 1940. On June 6, 1940, Tri-State filed with the commission its notice of cancellation. Under section 13377, such cancellation was effective on June 16, 1940. The Industrial Commission held that the Tri-State policy was in effect on the

date of Speer's injury, made an award to Speer, and directed payment thereof by Parks and both insurance companies.

Tri-State does not question the correctness of prior decisions of this court holding compliance with the cancellation provision of section 13377 mandatory. See Maryland Casualty Co. v. Johnson, 134 Okla. 174, 272 P. 833; Farmers' Gin Co. v. Jones, 146 Okla. 79, 293 P. 527; Rasberry v. R. O. Knost & Sons, 146 Okla. 186, 293 P. 778. It contends that the purpose of the statute being, as stated in Maryland Casualty Co. v. Johnson, supra, to provide a period within which the commission and employer might see that new insurance was provided in place of the canceled policy, such provision should not be enforced where other insurance is in effect on the effective date of cancellation agreed upon by the employer and the canceling company. We are not impressed by the contention.

The State Industrial Commission is an administrative tribunal with limited jurisdiction, its primary purpose being to speedily adjust settlements between injured workmen engaged in hazardous employment and their employers. Wilson Drilling Co. v. Beyer, 138 Okla. 248, 280 P. 846; O'Mara v. Andrews, 146 Okla. 57, 293 P. 257, 72 A.L.R. 1007; Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. 2d 217; 71 C. J. 917, § 655.

The cancellation provision of section 13377 was enacted for the purpose, among others, of relieving the commission of the necessity of passing upon contractual rights or engagements between the employer and insurance carrier. It gave a statutory life to the policy, so that no private act or agreement of the insurer and insured could deprive an injured employee of its protection. Home Petroleum Co. v. Chipman, 106 Okla. 225, 233 P. 738. The commission was without authority to nullify the plain requirement of the statute, and the fact that the employer was covered by two policies instead of one only would not confer such authority. Any dispute between the em-

ployer and insurance carrier as to liability or nonliability by reason of an agreement between them should be settled in a court of competent jurisdiction. R. S. Smith Construction Co. v. Newcomb, 181 Okla. 5, 71 P. 2d 1091.

The law requires the employer to provide or secure compensation for his employees, and penalizes him for failure to do so. Akin v. Shelton, 175 Okla. 536, 53 P. 2d 661.

Tri-State calls attention to 71 C. J. 914; Gratopp v. Carde Stamping & Tool Co., 216 Mich. 355, 185 N. W. 675; Automobile Insurance Co. v. Southern Transportation Co. (Tex. Civ. App.) 101 S. W. 2d 585; and Eurich v. General Casualty & Surety Co., 152 Md. 209, 136 Atl. 546, as supporting the contention it makes in this case. We do not find these authorities in point because of the difference in the law and facts involved. The Michigan statute construed in the Gratopp Case, which is most nearly in point, contemplated that an employer should insure all his risk in one insurance company, not two or more, and the court held that as the employer had agreed to cancel one policy, and had paid a premium to another company for a policy in lieu of the one canceled, only the latter company should be held liable. Our statute places no such restriction on the employer.

The cancellation provision in section 13377 being plain and unequivocal, and binding upon the insurance carrier from and after the issuance of the policy, the award was properly made against both insurance carriers. We are not here concerned with the question as to the rights of the insurance companies as between themselves, or as between them and either of them and the employer, and express no opinion thereon.

Award sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. GIBSON, J., concurs in conclusion.