509 P.2d 669 (1973)
In the Matter of the Death of Laurence Wesley HINES.
Leta Mae HINES, Claimant,
v.
CHEROKEE LINES, INCORPORATED, Respondent,
The Aetna Casualty and Surety Company, Insurance Carrier, and/or
Atlantic Insurance Company, Insurance Carrier.
No. 45153.
Supreme Court of Oklahoma.
April 24, 1973.
Ross, Holtzendorff & Bond by William W. Wiles, Jr., Oklahoma City, for petitioners.
H.A. Bud Carter, Oklahoma City, for respondents.
*670 HODGES, Justice.
The principal question presented by this original proceeding for review is whether failure of Aetna Casualty and Surety Company (Aetna) to comply with 85 O.S. 1971 § 64(e) rendered it jointly and severally liable with Atlantic Insurance Company (Atlantic) for payment of compensation benefits.
There is no dispute as to the claimant's right to compensation benefits nor as to the amount thereof.
The issue to be considered is the construction and application of 85 O.S. 1971 § 64(e) which provides in pertinent part:
"No contract of insurance * * * against the liability arising under this Act shall be cancelled within the time limited in such contract for its expiration until at least ten days after notice of intention to cancel such contract, on a date specified in such notice shall be filed in the office of the Commission and also served on the employer * * *."
The facts concerning insurance coverage are undisputed and stipulated. They are as follows:
Prior to January 1, 1971, Aetna was the insurance carrier for Cherokee Lines, Inc. (Cherokee). However, on January 2, 1971, Cherokee, by letter, notified Aetna that they had placed their insurance with another company an requested Aetna to cancel their policy effective January 1, 1971. Cherokee did not submit payroll information or pay premiums to Aetna after January 1, 1971.
*671 Aetna did not notify the State Industrial Court, as required by the above statute, that their insurance contract had been cancelled, and Aetna's failure to strictly comply with statute forms the issue under discussion.
Atlantic issued Cherokee a policy of workmen's compensation insurance which became effective January 1, 1971. The policy was in full force and effect on the date of the accident, April 26, 1971.
Cherokee made premium deposits and submitted payroll information including decedent's wages, to Atlantic beginning January 1, 1971.
Upon the trial of this case, the trial judge entered his order finding Atlantic solely liable for benefits and released Aetna from responsibility. Atlantic appealed to the State Industrial Court en banc. The court en banc reversed and modified the trial judge's order. It held that Aetna and Atlantic were jointly and severally liable for payment.
Aetna admits failure to cancel coverage prior to the accident under strict terms of the statute. However, it is urged the dual purpose of the statute, supra, is protection of the employer and employee, by giving an employer ten days following cancellation to obtain replacement coverage.
Upon this basis Aetna insists purposes of the statute have been met, since claimant was not deprived of coverage or benefits, and no hardship is placed upon Atlantic, the only carrier who received premiums from Cherokee after January 1, 1971. Aetna acknowledges our applicable decisions holding cancellation requirements absolutely mandatory. But Aetna points out in these cases the court was confronted by necessity either of holding these requirements mandatory or depriving both claimant and the employer of insurance coverage. Traders and General Insurance Co. v. Harris, 398 P.2d 843 (Okl. 1965); Preferred Accident Insurance Co. v. Van Dusen, 202 Okl. 124, 210 P.2d 341 (1949). Petitioner therefore contends the order under review should be vacated because this consideration is not present in this case as the employer replaced Aetna's coverage with Atlantic which was effective on date of the accident.
Cases from other jurisdictions are cited to support this argument. Neeman v. Otoe County, 186 Neb. 370, 183 N.W.2d 269 (1971); St. Paul Fire and Marine Insurance Co. v. Central Surety and Insurance Co., 234 Ark. 160, 350 S.W.2d 685 (1961); Knox County Feed and Hatchery, Inc. v. Ivers, 130 Ind. App. 481, 166 N.E.2d 132 (1960); Musgrave v. Liberty Mutual Ins. Co., 73 Idaho 261, 250 P.2d 909 (1952); Eurich v. General Casualty and Surety Co., 152 Md. 209, 136 A. 546 (1927). Each of these cases recognized the cancellation statute must be construed strictly to prevent employees being left without compensation coverage. However, each case also recognized this construction should not extend beyond the reason for existence and the insurer who accepted premiums should accept the loss although strict technical cancellation had not been accomplished. We agree.
In this case the claimant has suffered no detriment or prejudice, nor does the claimant now complain of the controversy created by the two insurance companies.
The purpose of the notice requirements of the statute is to allow the employer sufficient time within which to protect himself and his employees by procuring other insurance. However, when that purpose has been served and the employer and employee are protected by other insurance then the statute should not be rigidly construed so as to unjustly penalize an insurance carrier for its failure to strictly comply with the notice requirements. Especially is this so where the employer himself has requested the cancellation and has procured insurance protection from another carrier.
It would be inequitable to compel Aetna, as an alleged co-insurer, to contribute jointly and severally to the loss when they received no premiums. This would permit unjust enrichment to Atlantic. Atlantic *672 accepted the premium, issued the insurance contract, and filed its acceptance with the Industrial Court. In this instance, we find the entire liability should be imposed upon Atlantic. To the extent that Traders and General Insurance Co. v. Harris, 398 P.2d 843 (Okl. 1965) and Tri-State Casualty Co. v. Speer, 189 Okl. 191, 115 P.2d 130 (1941), are inconsistent they are hereby overruled.
Although neither party has raised the issue, we are also cognizant that our court has previously held that we will not consider or decide a controversy between two insurers in which an injured claimant has no interest on a petition to review an order of the State Industrial Court. See Spaulding & Osborne v. Pacific Employers Ins. Co., 192 Okl. 154, 134 P.2d 581 (1943). This principle was first evolved when the State Industrial Court was not a court, but a commission. In 1959, the commission was named and designated as a court of record and was conferred with such powers and prerogatives of the judges of the other courts of record of this state, with respect to any matter within the limits of its jurisdiction. 85 O.S. 1971 § 91.
Perhaps the lack of power as a court of record was the underlying reason for establishing this rule, as well as for the stated reason that a claimant's compensation should not be hindered or delayed by a controversy between two insurance carriers. In any event, we see no sound reasoning for continuing this practice. The Industrial Court should not be restricted from deciding an issue which is intricately a part of a case before them. Of course the Industrial Court should exercise their prerogative as a court of record and take appropriate action to see that a claimant's compensation is not delayed or hindered during an interim controversy between two insurance carriers.
The State Industrial Court does not have the power of courts of general jurisdiction to construe and determine liability under contracts generally, but it is vested with authority to determine the liability of an insurance carrier to an insured's injured employee. Mid-Continent Casualty Co. v. Miller, 451 P.2d 932 (Okl. 1969). It naturally follows that when the Industrial Court has made such a decision then it's a justiciable issue for our court to review on appeal.
To the extent the above cited cases or any other cases are inconsistent with this opinion, they are hereby overruled.
The order of the State Industrial Court is vacated and remanded with directions to determine that Atlantic is solely responsible for payment to claimant.
WILLIAMS, IRWIN, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.
DAVISON, C.J., and BERRY, J., dissent.