**EMPIRE FIRE AND MARINE INSURANCE COMPANY, Petitioner,**

v.

**Billy SPURLOCK, Loyd Stidman, Donald Gaither, Jay Wells, Arthur Marler, Dave Bullard, Jimmie Brock, Paul Casselman, Elbert Devore, Melvin Devore, Charles Barowski, Jimmie Kidwell, Melvin Maxwell, James Bunny, Gust Marinos, Fred Ricco, Elzo Hensley, Carthol Phillips, Leroy Mullins, Decker Foundry, Inc., and the Workers' Compensation Court, Respondents.**

**No. 52751.**

Supreme Court of Oklahoma.

April 17, 1979.

---

David S. Shumake, Liebel, Shumake & Hilbert, Oklahoma City, for petitioner.

John B. Estes, Stipe, Gossett, Stipe, Harper & Estes, Oklahoma City, for respondent Leroy Mullins.

Dick Bell and Frank Seay, Seminole, for certain individual respondents.

Robert L. Bainbridge of Crawford & Jackson, Tulsa, for respondent Decker Foundry.

HODGES, Justice.

The principal question presented by this original proceeding for review is whether the failure of Empire Fire and Marine Insurance Company (Empire) to comply with 85 O.S.Supp.1974 § 64(e)[1] in cancelling a policy of workmen's compensation insurance issued by it, resulted in insurance coverage remaining in effect for the entire policy period, July 16, 1975 to July 16, 1976.

The facts concerning insurance coverage are undisputed: Empire issued its workmen's compensation policy to Decker Foundry, Inc. (Decker) covering a period from July 16, 1975, to July 16, 1976. A copy of the coverage period was filed with the State Industrial Court. Thereafter, Empire notified Decker by certified mail of its intention to cancel the policy effective December 4, 1975, and again effective January 1, 1976. Empire admits that it did not notify the State Industrial Court of its intention to cancel the policy. Decker applied to the State Industrial Court for permission to become an own risk employer. On February 18, 1976, Decker's application was approved effective February 13, 1976, for a period of one year.

On September 1, 1978. the Specially Designated Workers' Compensation Court en banc, issued its order finding the attempts by Empire to cancel its policy on December 4, 1975, and on January 1, 1976, were ineffective. It determined that Empire had a policy of insurance in effect from the period July 16, 1975, to July 16, 1976, and that all employees of Decker who sustained injuries during that period could proceed against Empire.

Empire contends the Workers' Compensation Court erred in not finding Decker qualified as an own risk employer effective February 18, 1976, and in finding that it was liable for compensation claims occurring prior to July 16, 1976, or after February 18, 1976.

Empire relies upon *In Re Hines,* 509 P.2d 669 (Okl.1973), in its assertion that it is not liable for compensation claims after February 18, 1976. In *Hines* we held that where the employer has procured other insurance, a former carrier who failed to notify the State Industrial Court of cancellation is not liable to an employee injured after the ef-

---

1. Title 85 O.S.Supp.1974 § 64(e) provides in pertinent part:

   "No contract of insurance issued by a stock company or mutual association or other concern against the liability arising under this title shall be cancelled within the time limited in such a contract for its expiration until at least ten (10) days after notice of intention to cancel such contract, on a date specified in such notice shall be filed in the office of the Commission and also served on the employer. Such notice shall be served on the employer by delivering it to him or by sending it by mail, by registered letter, addressed to the employer at his or its last known place of residence; provided, that if the employer be a partnership, then such notice may be so given to any one of the partners, and if the employer be a corporation, then the notice may be given to any agent or officer of the corporation upon whom legal process may be served. Provided, however, if a contract of insurance has been terminated by an employer insured thereunder who has obtained other compensation insurance, as evidenced by filing with the State Industrial Court in compliance with Section 61 of this title, and no intervening rights of any employee are involved, omission of a predecessor insurer to file notice of time of termination of liability shall not constitute basis for imposition of liability against such predecessor insurer."

fective date of the new insurance. *Hines* overruled, to the extent inconsistent with its holding, *Traders & General Insurance Co. v. Harris,* 398 P.2d 843 (Okl.1965) and *Tri-State Casualty Co. v. Speer,* 189 Okl. 191, 115 P.2d 130 (1941).

The cancellation of coverage in *Hines* was initiated by the employer who replaced the coverage with a new insurance policy. The subsequent carrier received premiums under the new policy. The rationale behind the holding was that where the purpose of Section 64(e), i. e., to allow the employer sufficient time within which to protect himself and his employees by procuring other insurance, has been served, the statute should not be rigidly construed so as to unjustly penalize an insurance carrier for its failure to strictly comply with the notice requirements. *Traders & General Ins. Co. v. Harris, supra, Tri-State Casualty Co. v. Speer, supra,* and *Preferred Accident Insurance Co. v. Van Dusen,* 202 Okl. 124, 210 P.2d 341 (1949), held that Section 64(e) notice requirements must be strictly complied with to cancel coverage. An exception to the rule was enunciated in *Hines.*

In this case, cancellation of the coverage was initiated by the carrier and no new insurance policy was procured by the employer, although the employer was granted permission to be an own risk employer. Being granted own risk status is not the same as protection of the employer and employees by other insurance, within the contemplation of the purpose of the statute. Thus, the reasons in *Hines* for not strictly construing the notice requirements of Section 64(e) do not exist in the present case, and the exception carved out in *Hines* should not be extended to this case.

It is apparent the legislature intended the notice requirements for cancellation of Section 64(e) be otherwise mandatory because following our decision in *Hines* in 1973, the statute was amended in 1974 to provide that, if a contract of insurance has been terminated by an employer who has obtained other insurance, then in that event there

is no liability to the predecessor insurer.[2] In this case the attempt to terminate the policy of insurance was by the insurer, not the employer, Empire.

We, therefore, hold the failure of Empire to comply with the requirements of 85 O.S. Supp.1974 § 64(e) in attempting to cancel the policy of insurance issued by it covering the period of July 16, 1975 to July 16, 1976, resulted in the policy remaining in effect until July 16, 1976, notwithstanding the fact that Decker was granted own risk status prior to July 16, 1976.

Empire also contends the Workers' Compensation Court erred in failing to find the last day of exposure was the date of injury of those claimants who claim to suffer from occupational disease. Empire, however, admits in its petition for review that the date of the last exposure was June, 28, 1976. We, therefore, will not pass upon this question.[3]

The order of The Workers' Compensation Court is sustained.

LAVENDER, C. J., and WILLIAMS, BARNES, SIMMS, HARGRAVE, JJ., concur.

IRWIN, V. C. J., dissents.

IRWIN, Vice Chief Justice, dissenting:

I would apply the rationale of *In Re Hines* (Okl.), 509 P.2d 669 (1973) and hold that the failure of Empire Fire and Marine Insurance Company to notify the State Industrial Court of its intention to cancel the policy did not inure to the benefit of Decker Foundry, Inc. I would hold Decker primarily liable, but would impose secondary liability against Empire for the protection of the employees.

---

2.  *See* Note 1, supra.

3.  *Morton v. Central National Bank of Okmulgee,* 171 Okl. 494, 43 P.2d 394 (1935).