Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ARTHUR H. HARGRAVES, Respondent, for Compensation under the Workmen's Compensation Law, *v.* GEORGE F. SHEVLIN MANUFACTURING COMPANY, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, Insurance Carrier, Appellants.

STANDARD ACCIDENT INSURANCE COMPANY, Insurance Carrier, Respondent.

Third Department, July 2, 1917.

Workmen's Compensation Law — failure of insurance carrier to file notice of intention to cancel policy — when respective liabilities of insurance carriers will not be determined on appeal from an award — jurisdiction of Industrial Commission and of Appellate Division.

Where an insurance carrier under the Workmen's Compensation Law did not file in the office of the State Industrial Commission a notice of intention to cancel its contract of insurance, as required by the statute, and no notice of an intention to cancel the policy was given to the employer, the State Industrial Commission, finding by its records that the policy was in effect, had a right to charge a proportion of liability to a claimant against said insurer, although another company had insured the employer after the bankruptcy of the latter.

Where the amount of the award of the claimant and his right thereto are unquestioned, the Appellate Division on an appeal by said insurer from

the award will not determine the respective obligations of the two insurers to pay the award, for that is a question between them which is not within the jurisdiction of the State Industrial Commission, nor within the jurisdiction of the Appellate Division on an appeal from the award.

The award is primarily against the employer and as the insurance carriers have contracted to assume the liability of the employer, the question as to how they are to share this liability is of no consequence to either employer or employee, nor has the Industrial Commission jurisdiction over the question.

APPEAL by the defendants, George F. Shevlin Manufacturing Company and another, from an award of the State Industrial Commission, entered in the New York city office of said Commission on the 6th day of November, 1916.

*Alfred W. Andrews* [*John N. Carlisle* of counsel], for the appellant.

*Merton E. Lewis*, Attorney-General [*E. C. Aiken*, *Deputy Attorney-General*, of counsel], and *Robert W. Bonynge*, counsel to the Commission, for the claimant, respondent.

*Neile F. Towner*, for the respondent Standard Accident Insurance Company.

WOODWARD, J.:

While the notice of appeal states that the appeal is " from the whole and each and every part of said award and order," the only question presented upon the argument is a controversy between the Zurich General Accident and Liability Insurance Company, Limited, and the Standard Accident Insurance Company, insurance carriers. No question as to the amount of the award is raised by any one; no one is here questioning that Hargraves is entitled to an award for the injuries received. All that is claimed by the appellant is that it had canceled its policy, issued to the George F. Shevlin Manufacturing Company, and that the Standard Accident Insurance Company had taken its place as the insurance carrier of that company, which was in the hands of a receiver at the time of the accident. The State Industrial Commission made its award of compensation, and directed that the award be paid jointly by the Zurich General Accident and Liability Insurance Company, Limited, and the Standard Accident Insurance Company, and the Zurich Company insists

that, having canceled its policy, it was error on the part of the State Industrial Commission to impose any part of the burden upon it.

Whatever may be the relations of these insurance carriers, as between themselves, their controversy does not seem to be properly before this court upon an appeal from the award to the claimant — he is in no wise interested in the controversy, nor is the employer. Under the provisions of section 50 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1914, chap. 316), the George F. Shevlin Manufacturing Company entered into a contract with the Zurich Company to carry the compensation insurance for the period of one year from the 20th of April, 1915, and, as between these parties, the statute provides that there could be no cancellation of the policy "until at least ten days after notice of intention to cancel such contract, on a date specified in such notice, shall be filed in the office of the Commission and also served on the employer." (§ 54, subd. 5.) That is, the State Industrial Commission, finding that the Zurich Company had issued a policy to the George F. Shevlin Company for a period covered by the accident, was not bound to look beyond its own records to determine whether the policy was still in existence; if the notice required by the statute had not been filed with its office, for the purpose of awarding compensation, it could hold the policy to be in effect, and if the Zurich Company had any controversy with some other insurance carrier it was a matter outside of the jurisdiction of the State Industrial Commission, and could not properly be injected into an alleged appeal from the award to the claimant.

There is no question that the notice was not filed with the State Industrial Commission, and there is no claim that any notice was given to the employing corporation or to its receiver, so that if the award had been made against the Zurich Company alone it would have had no grounds for this appeal. But it is conceded that after the Zurich Company had indicated its intention of not issuing a new policy to the receiver of the George F. Shevlin Manufacturing Company, at the request of the latter's attorney, a contract was entered into with the Standard Accident Insurance Company,

and this latter contract was in effect at the time of the accident resulting in the award. The State Industrial Commission, finding this latter policy in effect, and the Zurich Company's policy not canceled in the manner pointed out by the statute, has made an award " against George F. Shevlin Manufacturing Company, employer, and its trustee in bankruptcy, and Zurich General Accident & Liability Insurance Company and Standard Accident Insurance Company, insurance carriers, to Arthur H. Hargraves, injured employee, at the rate of $12.98 weekly for a period of seven and one-half (7½) weeks from December 31, 1915, to February 21, 1916." There is no attempt to adjudicate the proportion of liability on the part of these rival insurance carriers; the award is primarily against the employer, the insurance carriers having contracted to assume the liability of the employer, and how this liability is shared by the companies is of no consequence to the employer or to the employee, nor has the State Industrial Commission any jurisdiction over such a question. It has discharged all its functions when it has made an award and provided for its payment by those who are primarily or secondarily liable, and the appellate jurisdiction of this court, in cases arising under the statute, is limited to a review of the determinations made by the State Industrial Commission, so long as it proceeds within the limits of its authority. The award is joint, is properly made, and how the employer and his insurance carriers adjust the matter as between themselves is entirely apart from any question which has been decided by the State Industrial Commission. The question attempted to be brought here by this appeal not being within the jurisdiction of the State Industrial Commission, except to the extent necessary to determine that there were two policies in effect, in so far as they had any relation to the claim of Mr. Hargraves, no prejudice can result to either party from an affirmance of the award as made, and that is the only disposition which appears to be open to us.

The award and order of the State Industrial Commission should be affirmed.

Award unanimously affirmed.