Before STATE INDUSTRIAL BOARD, Respondent.

JOSEPH HAMBERGER, Claimant, Respondent, *v.* WOLFE-SMITH COMPANY, Respondent, and GLOBE INDEMNITY COMPANY, Appellant.

Third Department, June 19, 1923.

Workmen's compensation — cancellation of policy cannot be effected without notice to State Industrial Board — State Industrial Board is without jurisdiction to direct recovery by carrier against employer.

A policy of workmen's compensation insurance which provides that the laws of this State, so far as notice of cancellation is concerned, shall be considered a part of the policy, cannot be canceled by notice served on the insured only, since it is provided by section 54 of the Workmen's Compensation Law that a contract of insurance cannot be canceled until ten days after a notice of cancellation has been filed in the office of the State Industrial Board and served on the employer.

Moreover, if the policy as between the employer and the carrier were canceled, the State Industrial Board was not possessed of the necessary equitable jurisdiction to direct a recovery against the employer in favor of the carrier for the sum which the carrier was required to pay to the claimant.

APPEAL by the defendant, Globe Indemnity Company, from a decision and award of the State Industrial Board, made on the

3d day of July, 1922, holding that the insurance contract issued by the appellant to the estate of Wolfe Smith was in force at the time claimant received his injuries, and awarding claimant compensation.

*R. M. McCormick* [*F. A. W. Ireland* of counsel], for the appellant.

*Louis E. Krohn,* for the employer, respondent.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, Acting P. J.:

The insurance carrier concedes that both the employer and itself must respond to the claimant for the award made. It urges, however, that as between it and the employer the policy of insurance which it issued was canceled. It asks for a modification of the award by inserting therein a provision that the carrier recover from the employer the amount which it must pay thereunder. The policy provided that it might be canceled upon a notice of ten days given to the employer. It contained the further provision that " the law of any State in which this policy applies which requires that notice of cancellation shall be given to any board, commission or other State agency, is hereby made a part of this policy and cancellation in any such State shall not be effective except in compliance with such law." It is provided in section 54 of the Workmen's Compensation Law of this State that no contract of insurance shall be canceled until ten days after a notice of cancellation shall have been filed in the office of the Industrial Board and served on the employer. The carrier served notice of cancellation upon the employer more than ten days prior to the accident, but failed to file such notice with the Industrial Board. Consequently, within the terms of the law and the provisions of the contract which by express words incorporated such terms within itself, the policy of insurance was never canceled. Moreover, even if the policy as between the employer and the carrier were canceled, the Industrial Board was not possessed of the necessary equitable jurisdiction to direct a recovery against the former in favor of the latter for the sum which the latter was required to pay.

The award should be affirmed, with costs to the Industrial Board.

VAN KIRK, HINMAN and HASBROUCK, JJ., concur.

Award unanimously affirmed, with costs in favor of the State Industrial Board.