Before STATE INDUSTRIAL BOARD, Respondent.

FRANCESCO GRAMO or FRANCESCO GREMO, Respondent, *v.* GREENPOINT CONTRACTING CO., INC., Appellant, Impleaded with EMPLOYERS LIABILITY ASSURANCE CORPORATION OF LONDON, ENGLAND, Respondent.

Third Department, May 8, 1924.

Workmen's compensation — cancellation of insurance contract — purpose of cancellation notice served under Workmen's Compensation Law of 1914, § 54, subd. 5 — notice of cancellation effective ten days after filing in office of Commission and service on employer — failure to file notice ten days before cancellation date specified therein does not make it ineffective.

The purpose of subdivision 5 of section 54 of the Workmen's Compensation Law of 1914 relating to the cancellation of an insurance contract before its termination, and providing that it shall not be canceled until at least ten days after a notice of cancellation of such contract, on a date specified in such notice, shall be filed in the office of the Commission, and also served on the employer, was to provide a period of ten days within which the Commission and the employer might see that new insurance was provided, and such purpose is effectuated if the statute is construed as meaning that the notice of cancellation shall not be effective until ten days after it has been filed and served, irrespective of the cancellation date specified in the notice.

Accordingly, a notice which is not filed ten days before the cancellation date specified therein is nevertheless effective for the purpose of canceling the policy after ten days have elapsed from the date of filing.

APPEAL by the defendant, Greenpoint Contracting Co., Inc., from an award of the State Industrial Board made on the 3d day of January, 1923.

*Robert P. Orr*, for the appellant.

*W. W. Giddes* [*Walter L. Glenney* of counsel], for the respondent insurance carrier.

COCHRANE, P. J.:

Section 54, subdivision 5, of the Workmen's Compensation Law of 1914 (as amd. by Laws of 1916, chap. 622) at the time of the cancellation of the policy in January, 1922, contained the following provision: " No contract of insurance issued by an insurance car-

rier against liability arising under this chapter shall be cancelled within the time limited in such contract for its expiration until at least ten days after a notice of cancellation of such contract, on a date specified in such notice, shall be filed in the office of the Commission and also served on the employer." On December 30, 1921, the carrier sent by registered letter both to the Commission or the Industrial Board and the employer a notice stating that the policy would be canceled on January 11, 1922. It is not claimed that such notice was not in proper form nor that such mailing by registered letter did not constitute proper service on the employer. Said subdivision 5 of section 54 provides that the notice may be served on the employer by sending it by registered letter. It is claimed that the notice was not seasonably filed in the office of the Commission or the Industrial Board. Such claim is predicated on the fact that December thirty-first was Saturday, a half-holiday; that January first was Sunday, and that January second was a holiday and on the further alleged fact that the notice was not received at the office of the Commission or the Industrial Board in time so that it could have been filed before January third, which was less than ten days before the cancellation date specified in the notice. And the appellant construes subdivision 5 of section 54 as meaning that the notice must be filed ten days before the cancellation date specified therein. We think this construction is erroneous. The purpose of the statute was to provide a period of ten days within which the Commission or the Industrial Board and the employer might see that new insurance was provided in place of the canceled insurance. That purpose is effectuated if the statute is construed as meaning that the notice of cancellation shall not be effective until ten days after it has been filed and served irrespective of the cancellation date specified in the notice. If the notice is not served and filed until after ten days before the cancellation date therein named the effect thereof is to correspondingly postpone the time of cancellation beyond the date therefor specified in the notice. Such we think is the obvious and natural import of the phraseology employed. The presumption is that the notice was filed in the office of the Commission or the Industrial Board as soon after it was there received as was proper and practicable. If it was not thus filed such omission was not the fault of the carrier. " When as in this statute it is said that a paper must be filed with an officer the requirement is at least complied with when the party delivers that paper to the officer at his official place of business and there leaves it with him. Whether he does this personally or by mail is, we think, immaterial, so long as it is actually received." (*Sweeney* v. *City of New York*, 225 N. Y. 271, 275.) The proof

shows that the notice was received at the office of the Commission before January third. If it was filed on that date as it should have been it became effective to cancel the policy on January thirteenth. The accident did not occur until April eighth thereafter.

The appellant does not on this appeal attack the award in favor of the claimant. The decision both as to the claimant and the insurance carrier should be affirmed, with costs to the latter against the employer.

Decision both as to the claimant and the insurance carrier unanimously affirmed, with costs to the latter against the employer.