## PHILLIPS *v.* COUNTY OF IRON.

1. WORKMEN'S COMPENSATION — DEPARTMENT OF LABOR AND IN-DUSTRY.

   The department of labor and industry is administrative in character.

2. SAME—INSURANCE—RECORDS.

   First insurer under policy in which date of termination was fixed in December which did not file notice of proposed termination of risk until following April after accident which occurred in intervening February *held*, liable therefor, where subsequent insurer had not filed insurer's certificate until March, the first insurer being the only one on the risk at the time of the accident according to the records of the department of labor and industry which is charged with the administration of the workmen's compensation act (2 Comp. Laws 1929, § 8460 [f]).

Appeal from Department of Labor and Industry. Submitted June 11, 1935. (Docket No. 98, Calendar No. 38,412.) Decided October 11, 1935.

Edwin Phillips presented his claim against County of Iron, employer, and United States Fidelity & Guaranty Company, insurer, for compensation for an accidental injury sustained while in defendant's employ. From award to plaintiff, defendants appeal. Affirmed.

*Denis McGinn*, for defendants.

POTTER, C. J. August 7, 1933, defendant United States Fidelity & Guaranty Company insured the employees of Iron county under the workmen's compensation act. This policy was canceled by the defendant company December 11, 1933. October 2,

1933, the insurance was placed in the Builders & Manufacturers Mutual Casualty Company, of Chicago. Subsequently, the date of this policy was changed to December 11, 1933, and its expiration date to December 11, 1934.

Plaintiff was injured February 19, 1934, and the question is, Which insurance company is liable for the compensation?

The department of labor and industry says the defendant United States Fidelity & Guaranty Company is liable because the Builders & Manufacturers Mutual Casualty Company did not file acceptance of the risk with the department until March 5, 1934, and the defendant United States Fidelity & Casualty Company did not file notice of termination of the risk until April 11, 1934, and hence the defendant United States Fidelity & Guaranty Company was properly held liable. In its opinion, the department said:

"The United States Fidelity & Guaranty Company filed an insurer's certificate of coverage with the department of labor and industry on August 18, 1931, that on April 11, 1934, it filed with the department of labor and industry a cancellation notice of said coverage. The records of the department of labor and industry also show that the Builders & Manufacturers Mutual Casualty Company filed an insurer's certificate on March 5, 1934. The accident in this case happened on February 19, 1934. Nothing of a different nature than as stated above appears in the record of the department of labor and industry.

"The defendant, United States Fidelity & Guaranty Company, having failed to file with the department of labor and industry any termination of its contract or policy until April 11, 1934, and the Builders & Manufacturers Mutual Casualty Company not having filed their insurer's certificate until

March 5, 1934, it is clear, under the statute quoted, that the United States Fidelity & Guaranty Company was on the risk and is responsible for the liability which incurred in favor of the plaintiff.''

The statute referred to (2 Comp. Laws 1929, § 8460, subd. [f] ), provides:

''Any termination of this policy shall not be effective as far as the employees of the insured covered thereby are concerned until ten days after such notice of such proposed termination or cancellation is received by the said industrial accident board.''

The department of labor and industry is administrative in character, and, according to its records, the only insurance company before it liable upon the risk was defendant United States Fidelity & Guaranty Company.

The award of the department of labor and industry is affirmed.

NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with POTTER, C. J.

WIEST, J. (*concurring*).  Upon examination of authority on the subject I am constrained to join in the opinion of the Chief Justice.

It seems, however, that the statute has enabled the Builders & Manufacturers Mutual Casualty Company, by reason of its own delay in filing acceptance of the coverage, to fasten liability on the United States Fidelity & Guaranty Company on account of its delay in filing notice of cancellation of its coverage.

Had the Builders company filed its acceptance at any time after December 11, 1933, when its policy in fact covered the risk and it received the premium,

and before the time plaintiff was injured on February 19, 1934, it would have been liable, even in the absence of filing notice of cancellation by the Fidelity company.

The department of labor and industry could not depart from the record of insurance coverage at the time of the accident.

The whole matter is fully covered in 71 C. J. p. 914. We quote:

"A provision that any termination of the insurance policy shall not be effective as far as the employees of insured are concerned until a specified number of days after notice thereof is received by the board or commission has for its purpose to provide a period of time within which the board or commission and the employer may see that new insurance is provided in place of the canceled insurance, and an insurer who fails to file notice of the cancellation of the policy, as required by statute, is bound to pay the compensation due an injured employee, where no other insurer has become liable therefor, but it will not be construed to hold a company which has canceled its policy where the employer has permitted no lapse, but has at once provided another insurer which has accepted the premium and filed its acceptance with the board." Citing *Gratopp* v. *Carde Stamping & Tool Co.,* 216 Mich. 355; *Gramo* v. *Greenpoint Contracting Co.,* 209 App. Div. 250 (204 N. Y. Supp. 419); *Farmers Gin Co.* v. *Jones,* 146 Okla. 79 (293 Pac. 527); *Koopmans* v. *Parsons,* 250 Mich. 464; *Maryland Casualty Co.* v. *Johnson,* 134 Okla. 174 (272 Pac. 833); *Hamberger* v. *Wolfe-Smith Co.,* 205 App. Div. 739 (200 N. Y. Supp. 803). See, also, *Hargraves* v. *George F. Shevlin Manfg. Co.,* 179 App. Div. 477 (165 N. Y. Supp. 960); *Hauter* v. *Coeur D'Alene Antimony Mining Co.,* 39 Idaho, 621 (228 Pac. 259); Schneider Workmen's Compensation Law (2d Ed.), § 487.