## LASH v. COFFEE CUP CAFE.

WORKMEN'S COMPENSATION—NOTICE OF TERMINATION OF INSURANCE—NUMBER OF POLICY.

Notice to department of labor and industry of termination of workmen's compensation insurance policy which included in the number of the policy the addition of "R-37" was sufficient to terminate such policy since the statute does not require that notice of termination include the number of the policy terminated and statute requires that all of the workmen's compensation insurance for an employer be in one policy at any time (2 Comp. Laws 1929, § 8460).

BOYLES, NORTH, and MCALLISTER, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted October 24, 1940. (Docket No. 48, Calendar No. 41,052.) Decided March 11, 1941. Rehearing denied May 21, 1941.

Loyd Lash presented his claim against Nicholas Pappas and John Momtsios, doing business as Coffee Cup Cafe, and its insurer, Commissioner of Insurance (State Accident Fund). From award to plaintiff, defendant insurer appeals. Award vacated.

*Russell W. Conroy,* for plaintiff.

*Harry F. Briggs,* for defendant State Accident Fund.

*George H. DeMund, William J. Kearney,* and *Theodore Van Dellen,* for defendants Nicholas Pappas and John Momtsios, doing business as Coffee Cup Cafe.

McALLISTER, J. (*dissenting*).  On March 10, 1936, Nicholas Pappas and John Momtsios, doing business as Pappas & Momtsios, filed a written acceptance of the provisions of the workmen's compensation act with the department of labor and industry, such acceptance to be effective March 17, 1936, and the Michigan State accident fund filed with the department an insurer's certificate, to be effective the same date.  On March 5, 1937, the Michigan State accident fund wrote the following letter to the department of labor and industry:

"Gentlemen:

"Re: Nicholas Pappas & John Momtsios d/b/a Pappas & Momtsios, 124 Michigan Ave., Albion, Michigan.

"You are hereby notified that policy No. 16,846 issued to the above-named employer, covering the obligations imposed by the Michigan workmen's compensation law, terminates as to said employer on March 17, 1937."

By letter dated March 5, 1937, the department of labor and industry notified Pappas and Momtsios that notice of termination of the insurance policy had been filed; that the effective date of such termination would be March 17, 1937; and that it would be necessary, if they desired to continue under the act, to renew the insurance or procure other insurance, certificate for the same to be filed with the department on or before the termination date stated in the letter; that unless the department received notice of renewal from the insurance company or the filing of a new insurance certificate on or before the aforementioned date, they would be automatically out from under the protection of the act.  Thereafter on March 9, 1937, and before the

termination of the policy above named became effective, the department received the following notice of reinstatement from the Michigan State accident fund:

"Gentlemen:

"Re: Nicholas Pappas and John Momtsios d/b/a Pappas & Momtsios, 124 Michigan Avenue, Albion, Michigan.

"We notified you on 3-5-37 that we were making cancellation of our policy covering the above-named risk, our liability to terminate as of 3-17-37.

"We now wish to reinstate our coverage and ask that you correct your records and disregard our letter above mentioned."

On October 13, 1937, the Michigan State accident fund advised the department as follows:

"Re: Nicholas Pappas & John Momtsios d/b/a Pappas & Momtsios, 124 Michigan Ave., Albion, Michigan.

"You are hereby notified that policy No. 16846-R-37 issued to the above-named employer, covering the obligations imposed by the Michigan workmen's compensation law, terminates as to said employer on October 25, 1937."

On October 14, 1937, the department notified the employers that "notice of the termination of the policy" had been filed with the department by the insurer and that it would be terminated October 25, 1937, unless there was a renewal or other insurance procured; and that, failing to secure a renewal or other insurance, the employers would be out from under the protection of the act.

On March 26, 1938, plaintiff, while in the employ of defendants Pappas and Momtsios, suffered an injury arising out of and in the course of his employ-

ment, and thereafter filed with the department of labor and industry his notice of a claim of injury and application for adjustment of claim, naming as defendants, Pappas and Momtsios, doing business as Coffee Cup Cafe. Defendant employers filed answer and petitioned for a dismissal of plaintiff's claim and moved to include the Michigan State accident fund as a party defendant.

On a hearing such motion was granted; and on June 1, 1939, defendant Michigan State accident fund filed its answer, together with motion to dismiss on the ground that it was not the insurer of Nicholas Pappas and John Momtsios, doing business as the Coffee Cup Cafe, on March 26, 1938. Plaintiff filed a reply to such answer and motion to dismiss, setting forth that the accident fund had failed to comply with the provisions of the workmen's compensation law pertaining to termination of insurance coverage.

Thereafter a hearing was had before a deputy commissioner, the motions to dismiss filed by defendants were denied, and an award was entered granting compensation to plaintiff against defendant "Coffee Cup Cafe," and dismissing plaintiff's claim as to the State accident fund. Plaintiff and defendant Coffee Cup Cafe appealed from this award to the department on the ground that the State accident fund had failed to comply with the provisions for termination of its policy of insurance and that the same remained in full force and effect as of the date of the accident. Upon review before the department an award was entered reversing the decision of the deputy commissioner and entering an award for compensation against defendants Pappas and Momtsios and the State accident fund. From this award, the State accident fund appeals.

The original policy of insurance covering the liability of defendants Pappas and Momtsios was designated "policy No. 16,846." The insurance which

was terminated by notice from the State accident fund to the department was designated as policy No. 16,846-R-37. It is contended by plaintiff and defendants Pappas and Momtsios that the insurance represented by policy No. 16,846 was never terminated; that the notice of termination referred to a different policy; and that the first policy, because of failure to terminate the same in accordance with the statute by the State accident fund, was in effect at the time of the accident. The claim of defendant State accident fund is that *policy No. 16,846* terminated at the expiration of a year from the date of its execution; that it was renewed by the issuance of policy No. 16,846-R-37; that this latter policy was the only one in effect on October 14, 1937, and was terminated in accordance with the statutory requirements as of October 25, 1937. It appears that the department of labor and industry receives from the State accident fund, at the time of the issuance of insurance to employers coming under the act, an insurer's certificate. It further appears that the designation by the State accident fund of the policy of March 17, 1936, as No. 16,846 gave the department of labor and industry notice of the number of the policy, and was carried on the department's records as such.

The question to be here determined is whether policy No. 16,846 was in effect at the date of the accident, or whether it was terminated by virtue of the notice of October 14, 1937, advising of termination of policy No. 16,846-R-37.

In *Maryland Casualty Company* v. *H. A. Moss & Son, Inc.,* 276 Mich. 219, the insurer had issued a policy of workmen's compensation insurance for a term of one year. At the expiration of this period the policy was not renewed, nor was notice of termination given to the department of labor and in-

dustry. For more than one year, no premium had been paid. Approximately a year and a half after the one-year period, an employee of the insured was killed. The insurer, after making part of the payments under the policy pursuant to an award by the department, brought assumpsit to recover from the employer the money which had been paid. The statute upon which defendant relied was the following:

"Every insurance company or organization mentioned in this section issuing an insurance policy to cover any employer not permitted to carry his own risk * * * shall in one and the same insurance policy insure, cover and protect all the businesses, employees, enterprises and activities of such employer, and each and every policy of insurance covering workmen's compensation in this State shall contain the following provisions:

" 'Notwithstanding any language elsewhere contained in this contract or policy of insurance, the insurance company, or organization issuing this policy hereby contracts and agrees with the insured employer: * * *

" '(f) That it will file with the industrial accident board,* at Lansing, Michigan, at least ten days before the taking effect of any termination or cancellation of this contract or policy, a notice giving the date at which it is proposed to terminate or cancel this contract or policy; and that any termination of this policy shall not be effective as far as the employees of the insured covered thereby are concerned until ten days after such notice of such proposed termination or cancellation is received by the said industrial accident board.*' " 2 Comp. Laws 1929, § 8460 (Stat. Ann. § 17.195).

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).— REPORTER.

With regard to the foregoing statutory provisions, the court said (pp. 229, 230):

"The statute does not impose this provision on the parties independently of their contract. It requires them to make it a part of the policy. Consequently, it is a contractual provision upon which they have voluntarily agreed.

"There is ground for the argument that the liability of the insurer under this provision is an integral part of the insurance for which the insured has paid the premium and is as much a part of the liability assumed by the insurer for the benefit of the employer as any other obligation in the policy.    *    *    *

"An insurance company writes its own policies, knows their contents and has the ability and organization to protect itself. For premiums accepted by it as full consideration, plaintiff agreed to pay the compensation claims of defendant's employees without reimbursement by defendant, arising during the term of the policy. *In addition, it agreed to pay the claims of employees arising thereafter until it should file proper notice of termination.* Its continued liability after the term was due to its own breach of express provision of the contract that it should file the notice. Also, it had the option to terminate its liability at any time by giving the notice. Its failure to terminate its liability was its own fault and in no way attributable to the defendant."

Expiration of a policy, under the statute, does not terminate the liability of the insurer, but liability continues until proper notice of termination is given in accordance with the provisions of the act. Policy No. 16,846, therefore, was not terminated merely by virtue of the expiration of its term. The question, then, is presented whether this policy was terminated by notice in which policy No. 16,846-R-37 was specified. It appears that two policies were actually

issued, or, as defendant State accident fund states, the first policy was "replaced by a renewal policy;" and it is claimed that policy No. 16,846-R-37 was issued upon the expiration of policy No. 16,846. No certificate was filed with the department, however, by the State accident fund showing the issuance of the subsequent policy; and no notice of termination of policy No. 16,846 was ever filed with the department. From the foregoing, we must conclude that the notice of termination of policy No. 16,846-R-37 was a termination of the policy so designated. The records of the department of labor and industry indicate that policy No. 16,846 is the effective policy, and that it was not terminated; and the records of the department are controlling. *Phillips* v. *County of Iron,* 273 Mich. 157.

"A provision that any termination of the insurance policy shall not be effective as far as the employees of insured are concerned until a specified number of days after notice thereof is received by the board or commission has for its purpose to provide a period of time within which the board or commission and the employer may see that new insurance is provided in place of the canceled insurance, and an insurer who fails to file notice of the cancellation of the policy, as required by statute, is bound to pay the compensation due an injured employee, where no other insurer has become liable therefor." 71 C. J. p. 914.

The notice of termination here involved referred to a policy of which the department had no record. The fact that provisions of the act (2 Comp. Laws 1929, § 8469 [Stat. Ann. § 17.204]) provide that the insurance shall be in force for a period of one year and may be renewed for subsequent similar periods does not make it unnecessary to give proper notice of termination.

It is contended that there is no requirement that the numbers of insurance policies be furnished to the department of labor and industry by the insurer and that the fact that such policy numbers were included in the notice of termination should be considered as surplusage; that the notice properly advised the department that the liability insurance of Pappas and Momtsios was being terminated, and that that was a sufficient notice of termination. The insurer, however, specified the policy number, both in its notice of termination of the first policy, which was later withdrawn, and in its notice of termination of the second policy. It would appear from the evidence that this is in keeping with the administrative methods of the department in keeping a record of the insurance in effect and the insurance which is terminated. In any event, the insurer used this method to specify the termination of the policy; and it is apparent that the department, in keeping its records, relied upon such specific notice. It is our conclusion that policy No. 16,846 was never properly terminated, and that it was in effect at the time of the accident.

It is claimed by the insurer that this policy, however, only insured Pappas and Momtsios, doing business as Pappas & Momtsios, and did not insure the said defendants as the Coffee Cup Cafe; that the claim was made against the partners doing business under such assumed name, and that the award likewise was against the Coffee Cup Cafe.

In its motion to dismiss, defendant insurer relied upon the ground that there was no policy of insurance in effect issued by the State accident fund and covering defendants Nicholas Pappas and John Momtsios, doing business as the Coffee Cup Cafe. This motion was filed in answer to plaintiff's petition for compensation in which it was set forth that

the employer was the partnership, doing business as the Coffee Cup Cafe.

The real contest regarding liability was predicated upon the ground that policy No. 16,846 was not effective at the date of the accident. There can be no doubt that it was upon this policy that plaintiff and defendants Pappas and Momtsios relied. If the policy were in effect on the date of the accident, the insurer would be liable; and according to our determination, as above stated, this policy was in effect. No disadvantage resulted to the insurer as a result of plaintiff's mistake in not filing his claim against Pappas and Momtsios, doing business as Pappas & Momtsios. It does not appear affirmatively from the record that the point in question was presented to the department for decision. *Aske* v. *W. E. Wood Co.*, 248 Mich. 327. Upon plaintiff's request an amendment to his petition would have been granted, either on the hearing before the deputy commissioner or the department; and we will consider the petition and award so amended in this court. See *Paul* v. *University Motor Sales Co.*, 283 Mich. 587; *Hallock* v. *Income Guaranty Co.*, 270 Mich. 448; *Scendar* v. *Winona Copper Co.*, 169 Mich. 665.

I would be more inclined to agree with the opinion of Mr. Justice BUSHNELL if it were not for the findings of the department.

It is stated in the accompanying opinion that, according to the statute, it is provided that every organization issuing insurance to cover any employer *"shall in one and the same insurance policy* insure, cover and protect" all the employees of such employer; and it is stated that "there can be but one policy in force at any time."

While notice was given of termination of policy No. 16,846, such termination was withdrawn and such

policy was reinstated before the termination became effective. It was as though no notice of termination had been given on this policy.

Was there only one policy issued on the risk, or were there two policies? If only one policy was issued, the final notice of termination of October 14, 1937, might be said to have terminated the insurance in this case. If there were two policies in existence, such notice terminated only policy No. 16,846-R-37, leaving policy No. 16,846 in effect. A policy does not terminate as to liability by lapse or expiration of period. It must be terminated by notice to the department. 2 Comp. Laws 1929, § 8460(f) (Stat. Ann. § 17.195[f]).

If the department found as a fact that there were two policies issued and in existence, we are bound by such finding.

The finding of the department stated:

"The testimony indicates that *said policy No. 16,846-R-37 was issued* to the Coffee Cup Cafe *at the time of the withdrawal of the termination of March 9, 1937.* This fact was not, however, revealed to the department either in the said withdrawal or notice of reinstatement or otherwise. Our records continued to indicate that policy No. 16,846 was *the effective policy* and the court has held that in matters of insurance coverage our records are controlling, *Phillips* v. *County of Iron,* 273 Mich. 157. * * * The reasonable inference was open that the defendant insurer had discovered that *it had issued two policies* to cover the same risk and *was merely undertaking to cancel one.* * * *

"A termination to be effective should, when filed, be sufficient to present a clear picture of cancellation upon our records. The notice of termination here in question by its expressed limitation *to a strange policy* did not accomplish that end. It was

not up to the department to speculate on why it was being cancelled. In our opinion, our records being controlling, the State accident fund is still the compensation insurer insofar as the plaintiff is concerned and is liable for compensation in this case.

"The State accident fund contends that the mere issuance of policy No. 16,846-R-37 was sufficient to cancel the first policy."

It is contended by the State accident fund that, because policy No. 16,846 *expired by its own terms,* it was terminated and was *replaced by another policy.*

But the statute prohibits the termination of a policy issued unless it is terminated by a 10-day notice to the department. 2 Comp. Laws 1929, § 8640(f) (Stat. Ann. § 17.195[f]). As the department said, "The notice of termination here in question by its expressed limitation to a strange policy did not accomplish that end." Because of the findings of the department that two separate policies were in existence, the notice of termination of the last policy did not have the effect of terminating the first policy.

This can be said to be a technical decision. But the technicalities grow out of a statute that, on the point in question, abounds in technicalities in the way of requirements for termination and cancellation of policies; and there are no equities in the case. The statute is to be strictly construed against the insurer. The sole questions are: Were there two policies in existence at the same time; and, was one cancelled? Our conclusion follows the findings of the department.

Award should be affirmed, with costs to plaintiff.

BOYLES and NORTH, JJ., concurred with Mc-ALLISTER, J.

Bushnell, J. I am unable to concur in holding that defendant State accident fund is liable for a claim arising out of the accident on March 26, 1938.

According to the records of the department of labor and industry, a policy of insurance (No. 16,846) was issued by the State accident fund, effective March 17, 1936. A notice of termination of this policy was given March 5, 1937, effective March 17, 1937, which expressly referred to No. 16,846. This notice was revoked before its effective date and the coverage was reinstated, no policy number being recited in the notice of reinstatement. Another notice of termination was given on October 13, 1937, to be effective October 25, 1937, and the department of labor and industry notified the employer as to this termination. This latter notice of termination recited that it applied to "Policy 16,846-R-37."

The workmen's compensation act, 2 Comp. Laws 1929, § 8460 (Stat. Ann. § 17.195), provides that:

"Every insurance company * * * shall in one and the same insurance policy insure, cover and protect," et cetera.

Thus there can be but one policy in force at any time. The above-cited statute further provides that "each and every policy of insurance covering workmen's compensation in this State shall contain the following provisions:"

"Notwithstanding any language elsewhere contained in this contract or policy of insurance, the insurance company or organization issuing this policy hereby contracts and agrees with the insured employer: * * *

"(f) That it will file with the industrial accident board,* at Lansing, Michigan, at least 10 days before

---

* See note *ante*, 475.—Reporter.

the taking effect of any termination or cancellation of this contract or policy, a notice giving the date at which it is proposed to terminate or cancel this contract or policy; and that any termination of this policy shall not be effective as far as the employees of the insured covered thereby are concerned until 10 days after such notice of such proposed termination or cancellation is received by the said industrial accident board." *

These provisions for termination do not require the inclusion of the number of the policy terminated and such inclusion in the notice is surplusage. There was no discrepancy in the number recited in the second notice of termination. It differed from the number on the original policy merely in the addition of "R-37." This notice was sufficient to terminate all coverage by defendant State accident fund.

The award is vacated and the cause remanded with directions to enter an order affirming the award of the deputy commissioner. Costs to appellant, State accident fund.

SHARPE, C. J., and CHANDLER, WIEST, and BUTZEL, JJ., concurred with BUSHNELL, J.

---

* See note *ante,* 475.—REPORTER.