BURHANS v. CENTRAL STATES PRODUCE CORP.

1. WORKMEN'S COMPENSATION—INSURANCE—FILING NOTICE OF ACCEPTANCE.

Rule that as between two workmen's compensation insurers each of which had issued a policy purporting to cover an employer's risk at the time of an accident only that company is liable whose notice of acceptance is on file with the department of labor and industry was not changed by 1943 amendment to workmen's compensation act (Act No. 10, pt. 1, §§ 2, 2a, pt. 4, §§ 1, 9, Pub. Acts 1912 [1st Ex. Sess.], as amended by, and pt. 1, § 6, as repealed by, Act No. 245, Pub. Acts 1943).

2. SAME—INSURANCE—NOTICE OF ACCEPTANCE—NOTICE OF CANCELLATION—WAIVER.

Notice of cancellation of coverage of employer's risk by first workmen's compensation insurer whose notice of acceptance was on file with the department of labor and industry was not waived by employer who secured coverage from second insurer more than 10 days before accident but whose notice of acceptance was not filed until three weeks after accident had occurred (Act No. 10, pt. 1, §§ 2, 2a, pt. 4, §§ 1, 9, Pub. Acts 1912 [1st Ex. Sess.], as amended by, and pt. 1, § 6, as repealed by, Act No. 245, Pub. Acts 1943).

3. SAME—INSURANCE—ENTIRE RISK UNDER ONE POLICY.

An employer who elects to carry insurance covering his risk under the workmen's compensation act must carry all of his insurance in one and the same company, hence although two insurers had issued policies to the employer before accident occurred, and only one had a notice of acceptance on file with the department of labor and industry at that time, that one was liable for the entire amount of compensation, not merely half of it (Act No. 10, pt. 1, §§ 2, 2a, pt. 4, §§ 1, 9, Pub. Acts 1912 [1st Ex. Sess.], as amended by, and pt. 1, § 6, as repealed by, Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted October 4, 1945. (Docket No. 28, Calendar No. 43,134.) Decided December 3, 1945.

Minnie M. Burhans presented her claim for compensation against Central States Produce Corporation, employer, and State Accident Fund and Continental Casualty Company, insurers, for compensation. Award to plaintiff against employer and State Accident Fund, insurer. State Accident Fund appeals. Affirmed.

*Harry F. Briggs* (*Roy Andrus,* of counsel), for defendant State Accident Fund.

*Mason, Stratton & Kent,* for defendant Continental Casualty Company.

NORTH, J. In this appeal from the department of labor and industry the sole question is which of the two defendant insurance companies is liable for payment of compensation awarded to plaintiff.

The State accident fund issued to plaintiff's employer its renewal compensation insurance policy, effective February 15, 1944; and its certificate of such coverage was filed with the department of labor and industry March 3, 1944. Notice of termination of this insurer's liability was filed with the department May 17, 1944.

The Continental Casualty Company issued its policy on this same risk, effective March 31, 1944; and filed its certificate of coverage with the department May 17, 1944.

On April 26, 1944, plaintiff, while in the employ of Central States Produce Corporation, suffered an accidental injury for which it is admitted she is entitled to compensation. Upon hearing before the deputy commissioner, the Continental Casualty Company was held liable. This holding on review by the department was reversed and the State accident fund was held liable. It has appealed, leave having been granted.

In reaching its conclusion the department held against appellant's contention that Act No. 245, Pub. Acts 1943, changed the rule laid down in *Phillips* v. *County of Iron,* 273 Mich. 157, and *Zielke* v. *A. J. Marshall Co.,* 306 Mich. 474, regarding the liability of one of two insurance carriers each of whom had issued a policy purporting to cover the same risk at the time of a compensable injury. The cited cases, as well as other decisions of this Court, in effect hold that as between two insurance companies each of which has issued a policy purporting to cover the risk at the time of the accident, but only one of which companies had filed with the department its notice of acceptance of the risk, such company is the one held liable. So the question now presented is whether there is contained in Act No. 245, Pub. Acts 1943, which amends the former compensation law, any provision in consequence of which the former holdings of this Court should be changed in the particular noted. While appellant insists the law has been so changed, the Continental Casualty Company, hereinafter referred to as appellee, contends there has been no such change embodied in the amended law.

Primarily appellant in support of its contention seems to rely on the following provisions in Act No. 245, Pub. Acts 1943, which amends the workmen's compensation act. Part 1, § 2 (Comp. Laws Supp. 1945, § 8408, Stat. Ann. 1945 Cum. Supp. § 17.142), provides: "Every employer, public and private, and every employee, unless herein otherwise specifically provided, shall be subject to the provisions of this act and shall be bound thereby." Among the exceptions specifically provided in Act No. 10, pt. 1, § 2a, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8408–1, Stat. Ann. 1944 Cum. Supp. § 17.142 [1]), are: "employers who regularly employ less than 8 employees at one time" and other exceptions not pertinent to this case. However, this section also provides that an employer of less than 8 employees and some other exempted employers may elect to come under the compensation act, "and the purchasing and accepting by such employer of a valid compensation insurance policy * * * shall constitute as to such employer an assumption by him of such liability without any further act on his part, and such assumption of liability shall take effect and continue from the effective date of such policy and as long only as such policy shall remain in force." Appellant also stresses in support of its contention the provision in part 4, § 9, of the 1943 amendment (Comp. Laws Supp. 1945, § 8463–5, Stat. Ann. 1945 Cum. Supp. § 17.198 [5]), which reads:

"Every insurance company or organization mentioned in section 1 of this part issuing an insurance policy covering workmen's compensation in this State shall file with the compensation commission, within 10 days after the effective date thereof, a

notice of the issuance of such policy and its effective date.''

It will be observed that appellee did not comply with the provision last above quoted. Instead, while March 31, 1944, was the effective date of its policy, its certificate of coverage was not filed with the department until May 17, 1944, which was more than 10 days after the effective date of the policy and subsequent to the date of plaintiff's accident. In this connection appellant asserts that if appellee had complied with the 10-day statutory provision above noted, it (instead of appellant) would have been on the risk on the date of plaintiff's accident. Notwithstanding this circumstance, we are unable to agree with appellant's contention that there is any provision in the 1943 amendment in consequence of which our holdings in *Phillips* v. *County of Iron, supra,* and *Zielke* v. *A. J. Marshall Co., supra,* should be changed. Instead we are of the opinion that the reasons underlying those decisions in the particular under consideration apply with equal force to the workmen's compensation act as amended by Act No. 245, Pub. Acts 1943. The amended statute does not by its express terms or by necessary implication change the rule heretofore followed, wherein we held that an insurer appearing by the department records to be on the risk is liable for payment of awarded compensation, notwithstanding another insurer prior to the accident may have issued its compensation insurance policy but at the time of the accident has not filed with the department its certificate of acceptance of the risk. From part 4, § 9, of the amended act above quoted, it seems too clear for argument that it is still requisite, incident to the orderly administration of the compensation law, that the records of the department of labor and industry shall disclose what insurer is

carrying the employer's compensation risk. In every case wherein there is a controversy as to which of two insurers is to be held liable, orderly procedure and elimination of uncertainty justifies adherence to the established rule, which we think is not in conflict with the statute as amended. Under the circumstances of the instant case, we cannot subscribe to the latter part of appellant's contention that: "Under the former act such insurance liability dated from the filing of the certificate of insurance. Under the new act it dates from the effective date of the policy." Instead, we hold that the State accident fund is liable because on the day of the accident, according to the files of the department of labor and industry, it was the only carrier on the risk. However, our holding herein is not to be construed as controlling what might have been the liability or nonliability of the Continental Casualty Company on this risk if the accident had occurred at a time when the risk was not covered by another insurer.

While this record discloses that appellant did not file with the department notice of termination of its liability until practically a month after the accident, appellant still seeks to assert nonliability by contending that the employer by having secured insurance from appellee waived the filing of notice of cancellation by appellant. In support of this contention appellant cites several of our decisions in cases involving fire insurance policies. They are not applicable to the instant case. This is true because workmen's compensation insurance is wholly statutory, and compensation insurance or other financial security is required primarily for the protection of employees. In a sense they are third-party beneficiaries, and the theory applied in the fire insurance cases, which involve only private

rights of the contracting parties, cannot be applied to compensation insurance. As being somewhat in this field of the law see our decision in *New Amsterdam Casualty Co.·v. Moss,* 312 Mich. 459.

Appellant's brief also presents the following question:

"If both insurance carriers have received premiums covering the time in which the accident occurred (this being admitted in the instant case), is each insurance carrier liable to the employee for one-half of the liability?"

Appellant asserts the department was in error by (in effect) answering the above question in the negative, in that it determined there was no liability on the part of the Continental Casualty Company. The holding of the department was correct, for the reason that under our decisions the Continental Casualty Company was not on the risk at the time of plaintiff's accident. And further, notwithstanding part 1, § 6, of the workmen's compensation act (2 Comp. Laws 1929, § 8412 [Stat. Ann. § 17.146]), as it stood prior to the 1943 amendment, was repealed by that amendment, still we find for the purpose now under consideration substantially the same provision as was formerly contained in part 1, § 6, is now embodied in part 4, § 1, of the amended act—Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8460, Stat. Ann. 1945 Cum. Supp. § 17.195). The following provisions are contained in that section:

"Every employer subject to the provisions of this act * * * shall adopt * * * 1 of the following methods for the payment of compensation under this act. * * *

"Second, To insure against such liability in *any employers' liability company* authorized to take such risks in the State of Michigan; * * *.

"Every insurance company  *  *  *  shall *in 1 and the same insurance policy,* insure, cover and protect all the businesses, employees, enterprises and activities of such employer, and each and every policy of insurance covering workmen's compensa-tion in this State shall contain the following pro-visions:  *  *  *

"(a) That it will pay to the persons that may be-come entitled thereto *all workmen's compensation* for which the insured employer may become liable.  *  *  *

"(d) *That this insurance contract or policy* shall for all purposes be held and deemed to cover all the businesses the said employer is engaged in.  *  *  *

"(e) That it (the insurer) hereby assumes *all obligations* imposed upon the said employer by his acceptance of the Michigan workmen's compensation law, as far as the payment of compensation  *  *  * is concerned."

For the purpose of this phase of this appeal we think it may be said that the above-quoted provisions of the amended law in effect are the same as the provisions in the repealed part 1, § 6, under which we have held that an employer who elects to carry insurance covering his compensation risk must carry all of his compensation insurance in one and the same insurance company. See *New Amsterdam Casualty Co.* v. *Moss, supra,* which is quite in this field of the law, notwithstanding decision therein was controlled by the provisions of the compensation law prior to the 1943 amendment.

Appellant also raises the question as to whether there was any proof in the record to support the finding of the department of labor and industry that plaintiff's employer regularly employed eight or more employees. As we view this record the query which appellant thus seeks to present is in-

consequential because, as. hereinbefore noted, at the time of the accident the State accident fund was on this risk and the Continental Casualty Company was not on the risk.

The award of the department of labor and industry is affirmed, with costs to appellee.

STARR, C. J., and CARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.